McGuire et al. vs. Johnson.

DANIEL J. McGuire et al., plaintiffs in error, vs. WILLIAM J. Johnson, et al., defendant in error.

[1.] The Superior Court may order its Clerk to revise and review a judgment for costs, and order them to be retaxed.

[2.] A party cast in the Supreme Court liable for the costs in that Court; and if he eventually succeed in his cause in the Superior Court, he cannot recover them.

Costs.   Decided by Judge LAMAR, November Term, 1858.

McGuire et al., sued William J. Johnson in complaint for land.   This case was carried by defendant to the Supreme Court three times and reversed each time; and each time defendant when said case came back, obtained judgment for all the costs which had accrued in both Courts; and the fourth time it was carried up the judgment of the Court below was affirmed, and plaintiffs upon the return of the remittitur entered their judgment for all the costs which had accrued during the progress of the entire case, up to final judgment.

The motion was to retax and review the entire costs in said case; the Court held and ordered that the said defendants in the complainant, Wood & Johnson, were entitled to recover back from plaintiffs the costs they paid for each time they carried said case to the Supreme Court, and obtained a reversal, although plaintiffs finally gained and prevailed in said case; and that their three judgments for costs were valid and unsatisfied, and they were entitled to enforce and collect the same.

Plaintiffs excepted and assigned error.

LANIER & ANDERSON, for plaintiffs in error.

STUBBS & HILL, for defendant in error.

*By the Court*—McDonald, J. delivering the opinion.

The plaintiffs in error, denied the power of the Court below to hear a motion to review and retax the costs in the case, inasmuch as a judgment had been entered for the same by the Court having competent jurisdiction to award the same, which remained in the Court unreversed, and a *fi. fa.* had been issued thereon.

[1.] The Court decided that it had the power, and error is assigned on said decision. We entertain no doubt of the power and jurisdiction of the Superior Court, to hear a motion in Term time, to set aside a judgment entered at a previous term of said Court for costs, and to have the costs retaxed, if an illegal judgment had been entered up, and to order the writ of *fi. fa.,* issued for the same, to be returned and cancelled.

[2.] At each time that the cause on which this controversy arises was brought to this Court, the plaintiffs in error paid all costs which had accrued in the Circuit Court up to the judgment complained of. When the judgments of reversal were respectively remitted to that Court, they entered up judgments against the defendants in error, who were plaintiffs in that Court, not only for the costs which had accrued thereon in this Court, and the expenses of bringing it up, such as transcribing and certifying the record, &c., but for the ordinary costs which had accrued in the Court below, which constituted no part of the costs of bringing the cases to this Court. When the plaintiffs in the Court below, finally succeeded by the affirmance of the fourth judgment rendered in their favor in that Court, they entered up judgment and had execution for the costs which had accrued in all the cases, both in this Court and the Court below. The counsel for defendants in the Court below moved to have this judgment and writ of *fi. fa.* set aside, and that the costs be revised, reviewed and retaxed by the Clerk. The Court on hearing evidence from the Clerk of the Superior Court, that the

defendants in that Court, had paid all the costs in full, on that *fi. fa.* except the Supreme Court costs, and that all costs in the Supreme Court had been paid by defendant's attorneys, and that the principal debt had been paid in full to plaintiff's attorneys, as appeared by their receipt on the *fi. fa.*, ordered the said *fi. fa.* to be cancelled and satisfied by the Clerk of that Court. Subsequently, during the same Term, the Court passed an explanatory order, or an order interpreting the order stated above, by which it appears, that the Court held and adjudged that the defendants in the Court below were entitled to recover back from the plaintiffs, the costs which they had paid each time they carried said case to the Supreme Court and obtained a reversal, although plaintiffs finally gained and prevailed in said case, and that therefore the defendant's three judgments for costs were valid and unsatisfied, and they were entitled to collect and enforce them against the plaintiffs. To the original judgment as thus interpreted, the plaintiffs' counsel excepts. The statute organizing this Court declares that if the decision and judgment in the Court below, be for a sum certain, and is affirmed in the Supreme Court, the plaintiff may, in the Superior Court, enter judgment against the defendant and his securities for the amount of principal, interest and costs, &c. This is the only direction given in that statute in regard to *judgments* for costs, and that does not embrace this case. The fourteenth section of the Act authorizes this Court to establish rules of practice. The fifth section directs it to have its decisions certified to the Court below, and vests it with power to award such order and direction in the premises, as may be consistent with the law and justice of the case. The twelfth rule of this Court entitles the party in whose favor the reversal of any order, judgment, or decree of the Superior Court is had, to collect, in the Court below, all the costs which have accrued in the cause. The Court was warranted by one of the foregoing sections, or the two combined, to make the rule. The phrase, " the costs of the cause," has reference to the costs

of the cause to be paid by the plaintiff in error in this Court, which includes those expenses which are *necessary* to bringing it here, such as attend the suing out a bill of exceptions, procuring the transcript of the record, &c., but it does not apply to the costs which have accrued in the Court below, which the plaintiff in error may pay or not as he chooses, but which he is not compelled to pay, unless he wishes to obtain a supersedeas : *Brewer vs. Brewer*, 6 *Ga.* 587.   I believe, in practice, expenses of the Clerk in the Court below are never collected in this Court.   These costs, the costs incurred by bringing the cause to this Court, must be paid by the party, by process to be sued out in the Court below, against whom the judgment of reversal is pronounced in this Court.   There is no authority for taxing them against the party who may be eventually cast in the Court below. It is the fault of the party who insists on the erroneous judgment, and he must pay the penalty.   It is otherwise, however, in regard to costs which have accrued in the cause in the Court below.   According to usage and practice, and we may say law, the party eventually cast in that Court must pay all costs which accrue in the cause there.   In this case, the defendants who were plaintiffs in error in each of the causes brought to this Court, paid all costs which had accrued in the Circuit Court up to the time of the judgments complained of, and they seek now, though finally cast in their suit, to recover from the plaintiffs that portion of the costs as well as the costs in the Supreme Court.   That they cannot do.

The party who finally loses the case in the Superior Court, must pay all costs which have accrued in that Court, excluding therefrom all costs and expenses to which he may have been exposed in carrying the cause to the Supreme Court, in case, in that Court he obtained a judgment of reversal.

Judgment reversed