CENTRAL OF GEORGIA RAILWAY COMPANY *v.*
GLASCOCK & WARFIELD.

</div>

Where in an action for damages a verdict and judgment are rendered against
the defendant, the case is brought to this court, where the judgment of the
court below is reversed, and on another hearing the plaintiff again obtains a
verdict, the defendant is entitled to set off against that verdict no other costs
than those paid by him which were actually necessary to bring the case to
this court and obtain a reversal of the erroneous judgment rendered at the
first trial.

<div align="center">

Argued May 12, — Decided June 8, 1904.

</div>

Motion to tax costs, etc.    Before Judge Hodges.    City court
of Macon.    November 7, 1903.

Cited by counsel:  Civil Code, §§ 5385, 5400, 5530, 5552 ; *Ga.
Rep.* 1/1 ; 9/286 ; 21/381 ; 25/604 ; 56/456 ; 59/196 ; 69/662 ;
70/516 (2) ; 73/105 ; 95/107 ; 113/349.

*Hall & Wimberly,* for plaintiff in error.    *T. S. Felder,* contra.

CANDLER, J.    Glascock & Warfield obtained a verdict against
the Central of Georgia Railway Company for $131.    The case was
brought to this court by bill of exceptions, and the judgment of
the trial court was reversed.    When the remittitur was trans-

mitted to the court below, a fi. fa. for $77.30, accrued costs, was issued in favor of the railroad company against Glascock & Warfield. The case was tried a second time, and the plaintiffs again recovered a verdict. The railroad company then filed a motion to set off against the judgment of the plaintiffs its judgment for the costs which it had paid. Upon the hearing of this motion the court "ordered that the said verdict be credited with the costs paid by the company in carrying said cause to the Supreme Court, and that there be allowed as a set-off to said verdict" the items of cost for transcript of record for the Supreme Court, certificate and seal to same, costs in the Supreme Court, remittitur, judgment, final record of remittitur and fi. fa., the total of these items of cost amounting to $48.30. The railroad company contended that it was also entitled to a credit against the verdict of the additional items of cost for entering verdict and judgment on the minutes at the first trial, docketing the motion for new trial, entering five orders upon said motion, sheriff's service before the jury, and recording motion and amended motion for new trial upon the docket of final records; these additional items amounting to $17.15. The court refused to set off these items against the verdict, and to this refusal the railroad company excepted.

We find no error in the judgment to which exception is taken. The party finally cast, in a suit at common law, is liable for the costs in the case. This does not include the actual cost incurred in carrying to the Supreme Court a bill of exceptions by which the reversal of an erroneous judgment is obtained, but it does include all other costs incurred in the progress of the litigation. This case is controlled, in principle at least, by the decision of this court in *McGuire* v. *Johnson*, 25 *Ga.* 604, where it was held in effect that the only costs taxable against the defendant in error in a bill of exceptions to this court, who loses his case here but finally gains it in the court below, are those costs which are *necessary* to bringing the case here; and that these do not include "the costs which have accrued in the court below, which the plaintiff in error may pay or not as he chooses, but which he is not compelled to pay, unless he wishes to obtain a supersedeas." Under this decision the order passed by the court below was clearly correct. *Judgment affirmed. All the Justices concur.*