## SEABOARD AIR-LINE RAILWAY v. MEMORY.

1. When the stenographer of a superior court is directed by the presiding judge to take down the evidence and other proceedings in a civil case, and does so, the judge has authority to allow him compensation, at the rate of ten cents per hundred words, for his services in merely taking down such proceedings in shorthand, and to prescribe by whom and in what manner such compensation shall be paid.
2. The judge has power to enter up judgment in favor of the stenographer against the party or parties by whom the court prescribes such compensation shall be paid; and all that is necessary in order for the stenographer to obtain such judgment is for him to render his bill to the judge and for the judge to be satisfied that the same is correct and just, at the rate of compensation fixed by him.
3. The stenographer is entitled to compensation not only for taking down the evidence, but also for taking down the charge of the court and the other proceedings in the case which the law requires to be taken down.
4. The judge has no power, upon the ex parte application of the stenographer, to render a judgment in his favor against a party to a civil case in which he has taken down the proceedings, for the amount of the stenographer's bill for a transcript, from his shorthand notes, of the evidence and charge of the court in such case, prepared and delivered to such party at his request.

Submitted March 3,—Decided August 9, 1906.

Motion to set aside judgment. Before Judge Parker. Glynn superior court. May 26, 1905.

Memory, the official stenographer of the Brunswick circuit, took down in shorthand notes the testimony and charge of the court in the case of Olsen v. Seaboard Air-Line Railway, tried at the May term, 1904, of Glynn superior court, these services being rendered by direction of the presiding judge and at the request of counsel for both parties. He wrote out, or transcribed, the evidence and charge of the court, in longhand, at the request of counsel for the defendant, and delivered the transcript to them. At the December term, 1904, of the court, he presented to the court his bill, or account, against the railway company for services rendered in the case as stenographer of the court, including therein the charge for the transcript delivered to the defendant's counsel, and a judgment was rendered in his favor against the railway company, by the court, for the amount thereof. The bill and the judgment thereon were as follows:

"Seaboard Air-Line Railway,

To S. F. Memory, Official Stenographer, Brunswick Circuit, Dr.

"To one-half of my fee for taking down and stenographically
reporting testimony and charge of the court in the case of
Mrs. Rosa B. Olsen vs. your company, suit for damages
tried at May term, 1904, of Glynn Superior Court, 48,800
words at 10 cents per 100, your half being ............ $24.40
"To fee for writing out and transcribing said evidence and
charge of court at your request, the same being delivered
to your attorneys, 48,800 words at 10c. 100 ............ 48.80

Total.................................... $73.20

"In Glynn Superior Court, December term, 1904.   It appearing
to the court that the above-stated bill is correct and that the
services charged therein were rendered by said S. F. Memory as
such official stenographer, under the direction of the court and at
the request of cousel for both parties, and that said charges so made
is proper to be awarded as costs to be paid by defendant in said case:
It is thereupon considered, ordered, and adjudged by the court that
said stenographer's fees and costs so set out and charged for in
said bill be and the same are hereby awarded against said defend-
ant, Seaboard Air-Line Railway, and that said S. F. Memory, as
such official stenographer, do have and recover of and from the
said defendant, Seaboard Air-Line Railway, the sum of $73.20, the
amount of his said bill, and that execution do issue accordingly.
Granted in open court this Dec. 12th, 1904.

T. A. Parker, Judge S. C. B. C."

The defendant railway filed a petition to set aside this judg-
ment, for the following reasons alleged therein:   It appeared that
the judgment was rendered without any petition or motion in writ-
ing therefor.   It was obtained ex parte by Memory, without any
process or rule nisi having been issued, directed to the defendant,
and without notice to it, or waiver of notice, or appearance, upon
its part.   The court had no authority "to make the award as costs
as it has done, and as is recited in said judgment."   The charges made
in the stenographer's bill "are illegal, excessive, greater than and
not the charge allowed by law to be made in such cases by official
stenographers," in that ten cents per hundred words is charged for
taking down the testimony and charge and a like amount for writ-
ing out or transcribing the same, when "the charge prescribed by
law" is "fixed at a rate not to exceed ten cents per hundred words

for taking down testimony and reproducing the same in ordinary and intelligible writing, and no compensation whatever [is] provided by law for taking down the charge of the court."

The motion was dismissed on general demurrer, and the movant excepted.

*Crovatt & Whitfield,* for plaintiff in error.

*A. D. Gale* and *E. C. Butts,* contra.

COBB, P. J.   1. The court erred in sustaining the demurrer to the motion, though all of the grounds of the motion were not well taken.   The judgment was not void because the stenographer was allowed ten cents per hundred words for the work performed by him in taking down the testimony and charge of the court.   The statute provides that "The compensation of the reporter or stenographer for recording, or taking stenographic notes, and recording the evidence in such civil cases as may be agreed by counsel to be recorded, or, in cases of disagreement, as aforesaid in such cases as the presiding judge may direct to be recorded, shall be at a rate not to exceed ten cents per hundred words, to be fixed by said judge." Civil Code, § 4447.   The meaning of this language is not as clear as is desirable, the expression, "for recording, or taking stenographic notes, and recording the evidence," being somewhat ambiguous.   This phrase is awkward, the word "recording," as first employed, and the words "taking stenographic notes" being apparently used in the same sense, and yet followed by the words "and recording the evidence," as if something else was to be done after "recording, or taking stenographic notes" of, the evidence.   "Record" means "to preserve the memory of, by committing to writing, to printing, to inscription, or the like; to make note of."   Webster's Dict.   A stenographer is "recording" the evidence when he is taking it down in shorthand, although he is not making a record thereof which is intelligible to those who are not versed in the system of shorthand which he uses, and even though no one but himself may be able to read his shorthand notes.   The word "record" is clearly used in this sense in the section of the Civil Code which immediately precedes the one which we are now considering. That section provides that it shall be the duty of the official stenographer "to attend all courts in the circuit, for which he is appointed, and, when directed by the judge as hereinafter set forth, to exactly and truly record, or take stenographic notes of the testi-

mony and proceedings in the cases·tried, except the argument of counsel." § 4446. It is clearly apparent that the word "record" and the expression "or take stenographic notes of" mean identically the same thing, the latter expression being merely explanatory of the former. It is also to be borne in mind that this section deals with the duties of the stenographer and prescribes what he shall do, while the section which we are construing deals with the subject of his compensation for performing those duties in civil cases. It would be strange, indeed, if the legislature, after prescribing the duties of the stenographer, had, when providing for his compensation for performing those duties in civil cases, by mere implication materially changed and increased the duties which he was required to perform in order to earn such compensation. The section which prescribes the duties and the section which provides for the compensation for the performance of these duties are to be construed together. So we can not agree with counsel in the contention that section 4447 means that the official stenographer of the court shall, in every civil case in which he is required to take down the testimony, etc., transcribe his shorthand record into longhand before he is entitled to the compensation provided for therein. We think that the next section of the Civil Code clearly contemplates that no public record is to be made of the evidence, etc., taken down by the stenographer in a civil case, available to anybody and everybody who may desire to use it. It provides that the stenographer "shall, for reports of evidence and other proceedings by him furnished, be paid by the party requesting the same, at a rate not to exceed ten cents for each one hundred words." § 4448. This makes the fees for furnishing transcripts, in longhand, of the stenographic reports in civil cases part of the perquisites of the stenographer's office, of which it is apparent that he might, largely at least, be deprived, if he were required to make a public longhand ·record of the matter taken˙ down by him in each civil case. We think the intention of the statute is, that the stenographer shall be allowed compensation, at a·rate not to exceed ten cents per hundred words, for merely taking· down, in shorthand, the evidence, etc., in civil cases. This is the way in which we understand the statute has been uniformly construed by the judges of the superior courts ever since it went into operation. This is certainly true so far as our information or knowledge of the practice of the superior-court

judges extends.　Unless this construction is placed upon the stat-
ute, a stenographer who, under the direction of the court, takes
down the testimony, etc., in a civil case in which, after verdict, no
effort is made to review the trial, can get no compensation, unless
he goes to the senseless and useless labor of transcribing his short-
hand notes of the trial.　As we understand the law upon the sub-
ject, the stenographer is not expected or required to transcribe his
stenographic report of the proceedings at the trial, unless he is
requested to do so for the benefit of one of the parties, or the trial
judge desires such transcript for the purpose of aiding him in ex-
amining, revising, or approving the brief of evidence, or judging of
the accuracy of statements contained in a motion for a new trial
or a bill of exceptions.　And yet it seems obvious that the stenog-
rapher is entitled to be compensated for stenographically reporting
the proceedings at the trial, whether he is ever called upon to tran-
scribe his shorthand report or not, and such we think is the purpose
of the statute.　This construction of the statute was recognized in
*Central Railroad Company* v. *Robertson,* 92 *Ga.* 741, where it was
held that "the presiding judge may require the official stenog-
rapher not only to take stenographic notes of the evidence in civil
cases, but to write the same out in longhand for the use of the
judge, in case he should need the stenographer's report for the pur-
pose of aiding him in examining, revising, and approving any brief
of evidence which may be presented to him, if there should be fur-
ther proceedings by motion for new trial, or otherwise."　There
would have been no reason for holding that the judge may require
the stenographer to write out in longhand his stenographic notes
of the evidence, if, under the statute, the stenographer was obliged
to do this whether the judge required him to do it or not.　The
fact that the judge may require this to be done, whenever he deems
it necessary, shows the absence of a pre-existing statutory require-
ment that it should be done.　In the opinion in the case, delivered
by Mr. Justice Samuel Lumpkin, it is said:　"The parties can, by
agreement, have the report made, and arrange between themselves
and the stenographer for his compensation.　If no agreement is
made, the presiding judge may, of his own motion, direct the ste-
nographer to take down in shorthand the testimony and other pro-
ceedings; and he may also, as already stated, prescribe by whom,
and what amount, the stenographer shall be paid.　If there should

be no necessity for writing out the notes in longhand, the judge, in fixing the amount of the stenographer's compensation, would, of course, allow him less than would be allowed in case he should be required to write out his report." In the present case, the judge did not exceed his authority when he allowed the stenographer ten cents per hundred words for taking down the evidence in short-hand; and having fixed the amount of the stenographer's compensation, he had authority to prescribe by whom it should be paid, and, therefore, could require that one half of the amount should be paid by the defendant in the case.

2. Power to fix the amount of compensation and to prescribe by whom and in what manner it shall be paid, which the judge has under the provisions of section 4447, necessarily carries with it the power to render judgment in favor of the stenographer against the party by whom the court orders that the compensation shall be paid. The stenographer receives no salary, but is simply paid for the work which he does. In felony cases, wherein the law requires the evidence to be taken down, he is paid, by the day, from the treasury of the county wherein the cases are tried, upon orders drawn thereon by the presiding judge. In civil cases whatever compensation he receives comes from the parties to the litigation. If the judge directs him to take down the proceedings in a civil case, he is compelled to do so, and looks to the judge to fix the rate of his compensation and to prescribe by whom and in what manner it shall be paid. He is the court's officer, and in taking down the proceedings in such a case performs his work under the direction and in the presence of the judge, and the fees which he thus earns are in the nature of court costs, accruing during the trial of the case. It would be strange, indeed, if, in order to enforce the collection of his fees for work so performed, he should be compelled to bring suit against the party or parties by whom the court directed the fees should be paid. He is a sworn officer of the court, and performs his work and presents his bill therefor under his oath of office, and is no more compelled to serve notice upon the party liable for the payment of the bill, to show cause why it should not be paid, than is any other officer of the court who performs services in the case for which he is entitled to collect the fees prescribed by the law. All that is necessary in order for the stenographer to obtain judgment for such fees is for him to satisfy the

judge that the bill rendered is correct and just, under the rate of compensation prescribed by the judge. Were it otherwise, the judge might, in every civil case in which he requires stenographic notes of the proceedings to be taken down by the official stenographer, be laying the foundation for additional and collateral litigation growing out of the case, between the stenographer and the parties thereto. We do not believe that the legislature ever contemplated that this additional burden should be placed upon the court in every civil case in which the court requires the evidence, etc., to be taken down, or that the stenographer, in order to collect his fees for services performed by him under the direction and in the presence of the judge, should be compelled to go to the trouble and expense of a lawsuit with the party liable to him for his compensation. If a mistake is made in the amount awarded the stenographer in the judgment, the party against whom the judgment is rendered will not be thereby prevented from making a motion to retax the costs, if such party was not served with notice of the stenographer's intention to apply for the judgment before its rendition.

3. The judgment was not void because it embraced compensation for taking down the charge of the court. As we have seen, the Civil Code, § 4446, provides that it shall be the duty of the official stenographer of the court, "to attend all courts in the circuit for which he is appointed, and, when directed by the judge, as hereinafter set forth, to exactly and truly record, or take stenographic notes of the testimony and proceedings in the case tried, except the argument of counsel." It is clear, from this language, that whenever the stenographer is required by the court to "record, or take stenographic notes of the testimony and proceedings," he must take down the charge of the court, the charge being a very important part of the proceedings, and the only portion of the proceedings excepted from the requirement of the statute as to the duty of the stenographer being the argument of counsel. Consequently the next section, which provides for "The compensation of the reporter or stenographer for recording, or taking stenographic notes, and recording the evidence in" civil cases, must be construed in the light of the above provisions of section 4446. The stenographer is required to stenographically report all the proceedings in the case tried, except the argument of counsel; and the contention of the

plaintiff in error is, that no matter how much work he may perform in taking down the various motions, objections, etc., orally made during the progress of the trial, and the rulings of the court thereon, and the charge of the court, he is entitled to no compensation whatever therefor, but his compensation must be strictly limited to the work performed by him in taking down the evidence. As already indicated, we can not agree with counsel in this construction of the statute. In some cases much the greater portion of the work performed by the stenographer, in open court, is in taking down the proceedings other than the testimony, and in other cases the whole of such work is thus performed, the case being terminated without the introduction of evidence. Obviously it was never intended by the legislature that the stenographer, although required to report all the proceedings, except the argument of counsel, should be paid only for taking down the evidence. Construing together the section which prescribes the duty of the stenographer as to taking down the proceedings in the case tried, and the section which provides for his compensation, we have no hesitancy in deciding that he is to be paid for taking down the proceedings other than the testimony, as well as for taking down the evidence, at the rate of compensation fixed by the court.

4. While the judgment ought not to have been set aside upon any of the grounds with which we have been dealing, we think it should have been set aside because the court had no authority to embrace therein the compensation of the stenographer "for writing out and transcribing [the] evidence and charge of the court," at the request of counsel for the railway company, and furnishing the transcript thereof to them. This portion of the stenographer's bill was clearly based upon matter of contract between him and the railway company, and not upon services performed in the case, in or out of the court, by direction of the judge. It is true that the judgment recites that the services of the stenographer, charged for in the bill, which by reference is made a part of the judgment, were rendered as "official stenographer, under the direction of the court," but this recital evidently must refer only to the services which were performed in court, in taking down the testimony and the charge of the court; for the judgment also recites that the services referred to were rendered "at the request of counsel for both parties." Evidently this latter recital must refer only to services rendered by

the stenographer in court, which were for the benefit of both parties, and not for services rendered by him to the losing party, after the trial was over, which were for the benefit of that party alone. Besides, the bill of the stenographer, which is embraced in the judgment, shows that the services now under consideration were performed merely at the request of counsel for the railway company, and that the transcript charged for was not furnished to the court, but to such counsel. The judge might, as held in *Central Railroad Co.* v. *Robertson,* supra, have directed the stenographer to furnish him, for his own use and information, a transcript of the stenographic report of the proceedings upon the trial of the case, and have provided for the payment of the stenographer for his services in this respect, but it seems clear that this was not done. The services charged for in the second item of the stenographer's bill fall within section 4448 of the Civil Code, which provides: "Said reporter or stenographer shall, for reports of evidence and other proceedings by him furnished, be paid by the party requesting the same, at a rate not to exceed ten cents for each one hundred words." The services referred to in this section are matter of private contract between the stenographer and the party requesting them; and in order to recover for the same, in case of the refusal of the party for whom they are rendered to pay for them, the stenographer's remedy is to sue upon the contract. He is not obliged to deliver his report of the testimony and other proceedings to the party who has made a request for the same, until such party pays him therefor; but if he does, his right to recover is upon the contract, in a proceeding based thereon. He can not recover upon an ex parte application for services performed out of court, under an agreement, express or implied, between himself and the party for whom such services were rendered. For the reasons indicated in this division of the opinion, the judgment of the court below is

*Reversed. All the Justices concur, except Fish, C. J., absent.*