### GREER *et al. v.* WHITLEY, clerk.

Where the clerk of a superior court issued against the plaintiffs in error· in a case pending in this court an execution for the amount of costs due the clerk for transcript of record of the case, and accepted from them, in full settlement, an amount less than that due and for which execution had been issued, after a reversal by this court of the judgment excepted to, the plaintiffs in error were not entitled to a writ of mandamus to compel the clerk to issue execution against the defendant in error for an amount of such costs greater than the amount they actually paid.·

NOVEMBER 16, 1910.

Petition·for mandamus. Before Judge Whipple. Ben Hill superior court. May 19, 1910.

*Jesse Grantham* and *A. J. McDonald,* for plaintiffs.

*L. Kennedy,* for defendant.

HOLDEN, J. The plaintiffs in error filed their petition for mandamus against the clerk of the superior court of Ben Hill county, making, among others, substantially the following allegations: Mrs. Andrews brought suit against the plaintiffs in error, and the case was referred to an auditor. The court overruled a motion of the plaintiffs in error to recommit the case to an auditor, and also overruled their exceptions to certain findings of law and fact in the auditor's report; whereupon they filed a bill of exceptions taking

the case to the Supreme Court. The Supreme Court reversed the case, and the remittitur from this court was made the judgment of the superior court, which ordered "that the plaintiff in error do recover of the defendant in error the costs of transcript, seals, and Supreme Court costs to be taxed by the clerk." The clerk was entitled to $730.56 for transcribing and transmitting the record to the Supreme Court, and upon a verified statement of such charge the clerk obtained from the trial court an order that he recover of the plaintiffs in error the amount of $730.56 for making a transcript of the record. The clerk issued an execution against the plaintiffs in error for this amount, but agreed to accept in full settlement thereof the sum of $500, which the plaintiffs in error paid. The clerk now refuses to issue an execution against Mrs. Andrews in behalf of the plaintiffs in error for any greater amount as costs for transcribing the record than the amount of $500 paid to him; and they ask that the court issue a mandamus compelling him to issue an execution in their favor for $730.56. To the order of the court refusing a mandamus the plaintiffs excepted.

The court committed no error in refusing the mandamus. When the plaintiffs in error had to take the case to the Supreme Court in order to correct an erroneous judgment against them, they were entitled to receive of Mrs. Andrews, the other party to the suit, the costs incurred in having the erroneous judgment reversed, but they were entitled to no more costs than they actually paid out for this purpose. If they had paid only a part of the costs due the clerk for making the transcript of the record and there was a balance due, they would not be entitled to recover such balance before they had paid it; and where the clerk accepted in full settlement a certain sum, they were not entitled to recover of the other party to the case the amount of costs they did not pay and which the clerk did not charge. The clerk was entitled to $730.56, but was not compelled to charge this much. He had a right to charge only $500; and if he charged the plaintiffs in error only this amount and accepted it from them in full settlement of the amount due, the amount thus paid being the only amount the plaintiffs in error were compelled to pay, it was the only amount they could collect from the other party to the case. The judgment of the superior court making the judgment of the Supreme Court the judgment of the former court provided that "the plain-

tiff in error do recover of defendant in error the cost of transcript, seals, and Supreme Courts costs to be taxed by the clerk." What was the cost of the transcript? It was $500, the amount charged the plaintiffs in error by the clerk and paid by them to the clerk, and accepted by the latter in full settlement of the costs due for the transcript. The clerk is not complaining, but on the contrary insists that the plaintiffs in error should not have from him an execution against Mrs. Andrews for an amount greater than they paid him and he accepted in full settlement of the costs of the transcript. The fact that the clerk obtained from the trial judge an order for the amount of $730.56 which he was entitled to charge for the transcript, and issued execution for this amount against the plaintiffs in error before the latter made settlement by paying the $500, could not under any view furnish a good reason for a ruling different from the one we make. Under the view we take of the case, the question as to whether or not it was proper to strike the allegation of the answer of the clerk to the effect that the plaintiffs in error and the clerk entered into an agreement, before the transcript of the record was made, that the clerk would only charge $500 therefor, and in allowing evidence in support of such allegation, need not be considered. Even if such allegation should have been stricken and the evidence of the clerk should have been excluded, it was right for the court to refuse the mandamus. No error was committed requiring a reversal of the judgment below, and it was proper to render the judgment refusing a mandamus, which is             *Affirmed. All the Justices concur.*