EVANS *v.* THOMPSON *et al.*
</div>

HILL, J.   An equitable petition was filed to restrain the execution of a warrant to dispossess the plaintiff as a tenant holding over, alleging that the deed which he had executed to the defendant was infected with usury, and that the defendant was to make or procure a loan for him. He prayed for injunction, accounting, specific performance, and general relief. The defendant denied that there was usury in the consideration of the deed; denied the agreement alleged in the petition; and averred that he purchased the land from the plaintiff, who rented it from him, that the plaintiff was insolvent, and that the premises were deteriorating; and, by way of cross-relief, prayed for the appointment of a receiver to take charge of and rent the property and "to do such other things as may be necessary to protect the interests of the parties to this suit." On the trial the court stated to counsel that he would submit only three issues: (1) Was the deed given as a fee-simple deed or as a security deed? (2) Was there any usury in the indebtedness to the defendant? (3) Did the defendant contract with the plaintiff that he would make him a loan to be evidenced by two notes, as contended by the plaintiff? During the argument a colloquy occurred between the court and counsel, as a result of which the court submitted only the first issue above mentioned. On this the jury found in favor of the plaintiff, that the deed was given as a security for debt. The court entered a decree adjudicating that the deed was given as a security for debt, that it was not infected with usury, and that the defendant have judgment against the plaintiff for a stated amount. On exception, this court held that the pleading did not authorize the

decree entered; that the effect of the agreement to submit the single issue in the form of a question was to eliminate all others; that the plaintiff prayed for an accounting, but none was had; that the defendant did not pray for a judgment against the plaintiff; and that, the jury having found that the relation of landlord and tenant did not exist between the parties, the court should have enjoined the further progress of the warrant issued at the instance of the defendant against the plaintiff as a tenant holding over. *Evans* v. *Thompson*, 143 *Ga.* 61 (84 S. E. 128). When the case was returned, the trial court allowed the defendant, over objection, to amend by praying for an accounting and judgment against the plaintiff; refused to enter a decree presented to him by the plaintiff, and entered a decree perpetually enjoining the defendant from further proceeding under the dispossessory warrant; but declined to discharge a receiver who had been appointed in the case, or to distribute the money in his hands, or to assess and tax costs "until the final disposition of this case." *Held*, that this was error. The Supreme Court having held that the effect of what transpired was, by agreement, to eliminate all issues from the case except one, and a verdict having been rendered on that issue, with no exception as to the failure to submit other issues, and it having been held that the final decree entered upon such verdict was erroneous in adjudicating other matters not authorized by the pleadings or the issue submitted, it was too late for the defendant to then amend his pleadings so as to pray for an accounting and judgment against the plaintiff; and it was error for the court to allow this to be done, and to enter a final judgment as to enjoining the defendant, and yet to hold open the case for another trial as to the new relief thus prayed by the defendant; but a judgment should have been entered in accordance with the ruling of the Supreme Court.

(*a*) The jury having found its verdict on the only issue which was left to be submitted to them, a final decree having been rendered upon the finding, and that decree having been held to be erroneous in going beyond the finding and the pleadings, a proper judgment should have been entered in accordance with the ruling of this court.

(*b*) There was no merit in the motion to dismiss the writ of error on the ground that there was no final judgment from which exception could be taken. The court did enter a final judgment so far as to enjoin the proceeding of the dispossessory warrant, but, under the peculiar facts of the case, erred in allowing an amendment by the defendant, and adding to the final judgment a clause allowing a further trial upon the new allegations and prayers so allowed.

(*c*) It appears that a decree was prepared and presented by the plaintiff to the judge, but he declined to pass it. This was recited in the bill of exceptions, and appears from the decree which was granted. The form of the decree so presented by counsel for the plaintiff was not set out in the bill of exceptions, but was sought to be brought up as a part of the record. It is not apparent how a paper proposed as a decree, which the judge declined to adopt as such, became, without more, a part of the record so as to be brought up to this court as such.

Accordingly, the question of whether the form of decree proposed by counsel for the plaintiff was a proper form can not be determined.

(d) The decisions of this court to the effect that where a trial court overrules a demurrer the case remains pending, although the Supreme Court may hold that he should have sustained the demurrer, until the judgment of the Supreme Court is made the judgment of the court below, and is subject to amendment meanwhile, do not apply to the present case, where there had been a verdict on the only issue left for determination by the jury, and the question was as to what final judgment should be entered upon the verdict rendered on that issue; nor are the rulings in creditors' bills or similar proceedings, where there may be a final determination as to a part of the case, applicable to the present case, which was an issue between two parties.

*Judgment reversed. All the Justices concur.*
MAY 12, 1916.

Equitable petition.	Before Judge Reid.	DeKalb superior court.	April 2, 1915.

*J. B. Stewart,* for plaintiff.	*R. W. Milner,* for defendants.