8433, 8434.   DeBow *v.* VICKSBURG, SHREVEPORT AND PACIFIC RAILWAY; and *vice versa.*

LUKE, J.   1.   "It is essential to the legal rendition of a personal judgment against a foreign corporation, otherwise than by its voluntary appearance, that the corporation be doing business within this State. A foreign railroad corporation which neither owns, leases, nor operates any line of road within the State of Georgia is not doing business within the State, in the sense that liability to service is incurred because it maintains an office and employs an agent, resident in the State, for the merely incidental business of soliciting freight; especially where the transitory cause of action did not grow out of, and had no connection with, business so initiated." *DeBow* v. *Vicksburg, Shreveport & Pacific Railway*, 148 *Ga.* 738 (98 S. E. 381). Under this holding the trial court was without jurisdiction to entertain and try this case, and this renders unnecessary any further statement than that the Supreme Court ruling overrules the decision in the case of *Bell* v. *New Orleans &c. R. Co.*, 2 *Ga. App.* 812 (59 S. E. 102), and therefore that case will not now or hereafter be followed.

2. Where a case was brought to the Court of Appeals by a bill of exceptions in which were assignments of error requiring for their determination a consideration of the evidence introduced on the trial, and which specified as material to an understanding of the case a brief of the evidence, and such a brief was sent up in the transcript of the record, and, after the rendition of a judgment by the Court of Appeals, reversing the judgment of the court below, the defendant in error took the case to the Supreme Court by certiorari, upon a petition in which were assignments of error requiring a consideration of the evidence, and to which was attached a certified copy of the entire record of the case in the Court of Appeals, the fact that the decision of the Supreme Court was based upon a ground which rendered unnecessary a consideration of the brief of the evidence was no reason for relieving the losing party from the costs of the certiorari to the extent of the cost of the transcript of the brief of the evidence. On motion it is ordered that the costs of the certiorari in this case be taxed against J. D. B. DeBow, defendant in certiorari.

*Judgment on cross-bill of exceptions reversed. Main bill of exceptions dismissed. Wade, C. J., and Jenkins, J., concur.*

DECIDED MAY 13, 1919.

(Certiorari granted to review judgment as to costs.)

Action for damages; from Fulton superior court—Judge Bell. November 11, 1916. (See 21 *Ga. App.* 732).

*Atkinson & Born,* for plaintiff.

*Anderson, Rountree & Crenshaw,* for defendant.