DeBow *v.* Vicksburg, Shreveport and Pacific Railway.

Atkinson, J. In 1919 a judgment of the Court of Appeals was reversed by the Supreme Court on writ of certiorari. On subsequent motion in the Court of Appeals, by plaintiff in certiorari, to tax the cost in the certiorari case, the court entered judgment against the defendant in certiorari, which included an item for " transcript of record furnished the Supreme Court by applicant for certiorari, $164.65." In a petition for certiorari by the losing party to review this judgment, error is assigned on the ground that so much of it as allows the item quoted above is contrary to law. *Held*:

1. The only provisions of law for charging costs in cases of certiorari from judgments of the Court of Appeals to the Supreme Court are the provisions stated below, allowing costs to the officers of the Supreme Court.

2. In rule 2, promulgated on December 18, 1916, by the Supreme Court, as published in 146 *Ga.* 840 (91 S. E. vi), relating to writs of certiorari to that court for review of decisions rendered by the Court of Appeals, it is provided that the petitioner for certiorari " must furnish as an exhibit to the petition a certified copy of the entire record of the case in the Court of Appeals, or, in lieu thereof, a copy of such record omitting the evidence if the evidence is not deemed necessary by the applicant. In either event the transcript shall contain a copy of the judgment and of the opinion or opinions of the Court of Appeals. If this court shall be of the opinion that the evidence is necessary for a determination of the question raised in the petition, the applicant will be required to furnish a certified copy of the evidence; and on his failure to comply with the order of this court, in this respect, the writ will be denied. " Under this rule the certi-

fied copy required to be furnished as an exhibit is an essential part of the petition.

3. In rule 4 it is declared: "Applications for certiorari shall be docketed as other cases. The costs in such cases shall be ten dollars, and shall be paid to the clerk on the filing of the application for certiorari. On failure to pay the costs, the clerk shall not file the application." This is in conformity with the provision in art. 6, sec. 21, par. 1, of the constitution (Civil Code, § 6550), which declares that "The costs in the Supreme Court shall not exceed ten dollars, until otherwise provided by law," and does not purport to be a provision by law to enlarge the amount specified in the constitution. The word "costs," as thus employed in rule 4, contemplates all Supreme Court costs in the certiorari cases, and limits the amount that may be charged to ten dollars in each case.

4. Costs chargeable in cases of certiorari to the Supreme Court from judgments of the Court of Appeals, limited as specified in the preceding note, do not include the expense which plaintiffs in certiorari incur in procuring, and exhibiting in their petition for certiorari, certified copies of the record from the Court of Appeals, as required by the rules promulgated by the Supreme Court, applicable to such cases.                    *Judgment reversed.    All the Justices concur.*

No. 1487.  SEPTEMBER 28, 1920.

Certiorari; from Court of Appeals.  23 *Ga. App.* 715.

*Atkinson & Born,* for plaintiff.

*Anderson, Rountree & Crenshaw,* for defendant.