25050. WARE *v.* BLECKLEY, clerk.

DECIDED JULY 9, 1936.

*Jo Johnson,* for movant.

GUERRY, J. On June 18, 1936, this court handed down its opinion in the case of *Swift & Co.* v. *Ware,* 53 *Ga. App.* 500 (186 S. E. 452), reversing the decision of the lower court. On June 26 Ware gave notice to the clerk of this court, in compliance with Rule 46 of this court (Code of 1933, § 24-3646), of his intention to apply to the Supreme Court for a writ of certiorari. On July 1, 1936, Ware presented a request in writing to the Honorable Logan Bleckley, clerk of this court, that he be furnished with "a certified copy of the entire record" in the case of *Swift & Company* v. *Ware,* to be attached to his application for certiorari to the Supreme Court. Attached to this application was a pauper affidavit by Ware, stating his inability to pay for the preparation of the transcript of the record in such case. To this application the clerk replied in writing as follows: "I respectfully decline to furnish a certified transcript of the record without payment of the expense for its preparation. *DeBow* v. *V., S. & P. Ry.,* 150 *Ga.* 519 (4) [104 S. E. 201]. July 1, 1936. Logan Bleckley, Clerk, Court of Appeals of Georgia." Ware comes now and presents his petition in the nature of an application for the writ of mandamus, asking this court to give direction that said clerk be required to furnish a copy of the transcript of the record of this case in this court without the payment of the expense of its preparation. *Held:* Rule 45 of the Supreme Court, Code of 1933, § 24-4549, provides that "Where an application is submitted to this court for a writ of certiorari to review a decision of the Court of Appeals, the

petitioner must furnish, as an exhibit to the petition, a certified copy of the entire record of the case in the Court of Appeals," etc. The expense of the preparation of the transcript of the record in this court is not an item of cost, such as will be relieved by a pauper's affidavit. *DeBow* v. *V., S. & P. Ry.,* supra. It is required as an exhibit attached to the application for certiorari, before the case will be considered by the Supreme Court. The fact that this exhibit is a transcript of the record of another court does not ipso facto make such exhibit a matter of costs of court, to be relieved by a pauper's affidavit. A petitioner, before he may be heard, must present his application in writing. If such application requires, as necessary for its existence, certain exhibits attached thereto, they do not become costs of court, but are expenses incident to the preparation of the application, as much so as the written application itself. The petition requesting that this court direct its clerk to furnish such transcript without payment for its preparation is

*Denied. Broyles, C. J., and MacIntyre, J., concur.*