### 19138. HARTLEY v. HARTLEY.

HEAD, Justice. When the remittitur on the former appearance of this case (*Hartley* v. *Hartley,* 211 *Ga.* 616, 87 S. E. 2d 851) reached the trial court, counsel for the plaintiff in error made an oral motion to tax "two-thirds" of the total costs on appeal against the defendant in error. This motion was denied, and the trial judge taxed all of the costs on appeal against the plaintiff in error. The trial judge denied an oral motion to require the clerk of the superior court to re-enter, instanter, the justice court execution under attack in the former case. The plaintiff in error excepts to both rulings. *Held:*

1. The right of the trial judge to assess costs in equity cases under Code § 37-1105 has application to the costs incurred in the trial court. With reference to the costs on appeal to this court or the Court of Appeals, it is provided in § 6-1704 in part: "If there is a judgment of reversal, the plaintiff in error shall be entitled to a judgment for the amount of such costs against the defendant in error, as soon as the remittitur is returned to the court below." In the former case, the judgment of the trial court was affirmed in part and reversed in part. It has been many times held by this court that a judgment of reversal is not essential for the recovery of costs by the plaintiff in error; but that, if the plaintiff in error obtains a substantial modification of the judgment complained of, he is entitled to the costs of bringing the case to this court. *McGuire* v. *Johnson,* 25 *Ga.* 604, 607; *Flannery & Co.* v. *Hightower,* 97 *Ga.* 592, 593 (7) (25 S. E. 371); *Burt* v. *Lorentz & Rittler,* 102 *Ga.* 121 (29 S. E. 137); *Walker* v. *Hillyer,* 130 *Ga.* 466 (3) (61 S. E. 8); *Finleyson* v. *International Harvester Co.,* 138 *Ga.* 247 (75 S. E. 103); *Scott* v. *Lunsford,* 141 *Ga.* 73 (80 S. E. 316); *Ball* v. *Moore,* 181 *Ga.* 146, 147 (6) (182 S. E. 28); *Ross* v. *Rambo,* 195 *Ga.* 100, 101 (6) (23 S. E. 2d 687); *Equitable Life Assurance Society* v. *Gillam,* 195 *Ga.* 797, 807 (25 S. E. 2d 686, 147 A. L. R. 1008); *Hardy* v. *Thomas,* 208 *Ga.* 752, 754 (9) (69 S. E. 2d 609). The trial judge erred in not entering judgment for the costs on appeal against the defendant in error.

2. The judgment of this court in the former case having been made the judgment of the trial court, no further order is required with reference to the justice court execution for the protection of the rights of the plaintiff in error. "The remittitur, whenever presented, is the proper evidence to the court below of the decision of this court; and the decision thus evidenced is to be respected and in good faith carried into effect. Code, § 4285 [now § 6-1804]. To do this is not discretionary with the presiding judge, but matter of statutory mandate and compulsion." *Goldsmith* v. *Georgia Railroad Co., 62 Ga. 542, 544.*

*Judgment reversed in part and affirmed in part. All the Justices concur.*

SUBMITTED OCTOBER 10, 1955—DECIDED NOVEMBER 14, 1955.

*Casey Thigpen,* for plaintiff in error.

*T. A. Hutcheson,* contra.