20296.   KENNER *et al. v.* KENNER.

HEAD, Justice. This case was formerly before this court on an exception by Harris Kenner to the judgment of a trial judge of Fulton Superior Court overruling his demurrers to the peti-

tion of Queenie Kenner and Lois Kenner, which petition sought to enjoin his dispossessory-warrant proceeding against them, pending in the Civil Court of Fulton County. At the time of the filing of the petition in the superior court, a judgment of nonsuit had been entered in the Civil Court of Fulton County against Harris Kenner, and he had obtained a reversal of this judgment in the Court of Appeals. *Kenner* v. *Kenner*, 92 *Ga. App.* 851 (90 S. E. 2d 33). This court held that the petition of Queenie Kenner and Lois Kenner did not state a cause of action, and the judgment of the trial court was reversed. *Kenner* v. *Kenner*, 214 *Ga.* 381 (104 S. E. 2d 896). The judgment under review in the present case is the order of the judge of the superior court putting into effect in that court the former decision of this court. The exception is to the latter part of the order, as follows: "it is hereby ordered that the remaining question to be determined in the dispossessory-warrant proceedings, in conformity with the decision of the Court of Appeals of Georgia, volume 92, page 851, be and the same is hereby assigned for trial in this court as are matters of appeal, by jury." *Held:*

The judge of the superior court erred in setting the dispossessory-warrant proceedings for trial in the superior court, since the only issue in the superior court made by the petition and general demurrer was whether or not the petition stated a cause of action for equitable relief. The effect of the former order of this court was to dismiss the petition and dissolve the restraining order, which order enjoined Harris Kenner from proceeding with the case made by the dispossessory-warrant proceedings in the Civil Court of Fulton County. The disposessory-warrant proceedings never having been transferred to the superior court by any judgment or order, such proceedings could not properly be set for trial in the superior court. Compare *Evans* v. *Thompson*, 145 *Ga.* 221 (88 S. E. 926).

*Judgment reversed. All the Justices concur.*

SUBMITTED JANUARY 15, 1959—DECIDED FEBRUARY 6, 1959.

*John L. Lee, Vester M. Ownby*, for plaintiffs in error.
*S. T. Allen*, contra.