## 48110. BARNETT et al. v. THOMAS.

HALL, Presiding Judge. In a previous appeal involving the same

parties, this court reversed a $20,000 judgment which had been rendered in favor of the appellee. *Barnett v. Thomas*, 126 Ga. App. 587 (191 SE2d 450). After judgment was taken on the remittitur in the trial court, the appellants filed a motion to tax costs against the appellee. The costs were itemized as "$470.80 for a transcript of the evidence and proceedings", "$350.50 for costs in the trial court and sending the record to the Court of Appeals", and "the sum of $30.00 as costs" (statutory costs due the state in the Court of Appeals). After a hearing, the motion to tax costs was denied.

Code § 6-1704 provides that the appellant is entitled to a judgment for the "costs in the appellate court" in case of a reversal. In *Hartley v. Hartley,* 212 Ga. 62 (90 SE2d 555), and cits., the Supreme Court held that the Code Section applies as well in cases where the appellant obtains a substantial modification of an adverse judgment. The issue here is what are the costs in the appellate court?

The appellee contends that all of the items listed in the appellants' motion to tax costs, except the $30 costs in the Court of Appeals, are costs in the *trial court.* She contends further that Code Ann. § 81A-154(d) embodies the substance of former § 37-1105 and § 24-3401 and that its effect is to place the award of costs in any civil action within the discretion of the trial court. We disagree. Where there is an appeal, the costs on appeal are controlled by Code § 6-1804 rather than § 81A-154 (d).

The *Hartley* case refers to the "costs on appeal." Among the cases cited in that decision, *McGuire v. Johnson,* 25 Ga. 604, speaks of "the costs incurred in bringing the cause to this court." *Central of Ga. R. Co. v. Glascock & Warfield,* 120 Ga. 319 (47 SE 910), refers to "costs of transcript of record." Other cases cited refer to the cost of the bill of exceptions. Over a period of many years when this court taxed the costs against the defendant in error, it used the language "all costs of the writ of error."

Before the Appellate Practice Act of 1965 the clerk of the trial court transmitted to this Court a document containing the bill of exceptions, the required pleadings, and a brief of the evidence. Since the enactment of the Appellate Practice Act, he sends two documents if there is a Reporter's Transcript of Proceedings. One is the Reporter's Transcript and the other is the Clerk's Record. The Reporter's Transcript and the Clerk's Record are both required for an effective appeal and both are included in the costs of appeal. In the event of a reversal or a substantial modification,

the appellant is entitled to a judgment for these costs on return of the remittitur.

Judgment reversed with direction that the court enter judgment for the appellants and against the appellee for the $30 costs in the Court of Appeals, the $470.80, which appellants paid for the Reporter's Transcript, and so much of the item of $350.50 as represents the cost of the preparation of the Clerk's Record which was transmitted to this Court. The remaining costs in the trial court are to be cast in accordance with existing law.

*Judgment reversed with direction. Bell, C. J., Eberhardt, P. J., Deen, Quillian, Clark and Stolz, JJ., concur. Pannell and Evans, JJ., dissent.*

ARGUED MAY 7, 1973 — DECIDED SEPTEMBER 6, 1973.

*Martin, Snow, Grant & Napier, George C. Grant, T. Baldwin Martin,* for appellants.

*Jones, Cork, Miller & Benton, H. Jerome Strickland, E. Bruce Benton,* for appellee.

PANNELL, Judge, dissenting. I concur in Judge Evans' dissent that the cost of having the proceedings transcribed by an appellant is not recoverable by the appellant against the appellee when the appellant wins the appeal. There is a decided difference between court costs and expenses. There are three types of court costs involved in the problem. I might list them as follows: 1. Court cost in the lower court accrued at the time of appeal. 2. Court cost for copy of, or transcript of the record transmitted to the appellate court and paid to the clerk of the lower court by the appellant. 3. Court cost paid to the appellate court.

When a party appeals, it is necessary that Numbers 1, 2 and 3 be paid in the absence of a pauper's affidavit but the costs classified as Number 1 are not costs of appeal assessable against the party losing the appeal. They are, however, costs which must be ultimately paid by the party ultimately losing in the court below, and are not recoverable by a winning appellant as part of the *cost of the appeal.* Cost items 2 and 3 are paid by the party losing the appeal whether he be the ultimate loser in the case below or not. The transcript is paid for by the party ordering it and is no part of the court cost.

The majority errs in confusing the phrases "costs on appeal," "costs of bill of exceptions" and other similar phrases as meaning *expenses* on appeal. Costs necessary to the appeal, or court costs on appeal, or cost of bill of exceptions refers to court costs or cost

of court, and not to any other *expenses* incurred, even though necessary to the appeal. Nothing in the cases cited by the majority is contrary to this statement, nor do any of the cases cited involve anything but court costs or cost of court. This means the costs which are paid to the court, or the clerk of the court, as required by statute.

Under the present practice the "transcript of proceeding" usually contains the evidence. Under the old practice the lawyer for appellant briefed the evidence, eliminating unnecessary questions and answers and documents and usually reducing the questions and answers to narrative form. He did this after procuring a copy of the transcript of the trial from the court reporter and paying for the same to the court reporter. The brief of evidence thus prepared was filed with the clerk (usually an original copy and a carbon copy as a courtesy to the clerk.) The original copy being transmitted to the appellate court by the clerk of the lower court as the required copy of the brief of evidence under the statute; the carbon copy remaining on file in the lower court as the original brief of evidence. As part of the court cost, required by statute, was a charge by the clerk of the lower court for copying the brief of evidence, the pleadings, etc., which was referred to as "costs for transcript of the record" and cost of transmittal to this court, all of which appellant paid when appealing a case and which was recoverable from the appellee as costs of appeal if appellant won. The stenographic expense for securing a copy of the transcript of the trial and for briefing the evidence was not then, and is not now, a part of the court costs, and was not then and is not now a part of the cost of appeal. And it is error to require the payment of this expense as a part of court costs.

Nothing in the record here calls for the application of any exceptions to these rules.

EVANS, Judge, dissenting. The majority opinion would require the appellee to pay as costs of court: "$470.80 for a transcript of the evidence and proceedings, and $350.50 for costs in the trial court and sending the record to the Court of Appeals." I construe this to mean that $470.80 is cost of the court reporter's work, and $350.50 is cost of the clerk.

I know of no law which requires a litigant to pay the court reporter for transcribing his notes unless he employs such reporter. Code Ann. § 6-805 (Ga. L. 1965, pp. 18, 24) provides that the trial judge may have the case *reported* and the cost thereof

borne equally by the parties. The same statute provides that "it shall be the duty of the *appellant* to have the transcript *prepared at his expense.*

The same statute also provides that any party may, as a matter of right, have the case *reported* at his own expense. But where is the law that requires the appellee—the party who prevails in the lower court—to bear any part of the court stenographer's costs for transcribing his notes and making up a transcript of the evidence and proceedings?

Code Ann. § 24-2729 (Ga. L. 1963, p. 368) provides: "In all cases certified to the appellate courts, the costs for preparing the transcript of the record shall be paid by the *appellant to the clerk* before the same shall be transmitted, unless the appellant makes affidavit that he is unable to pay such costs or give security therefor." (Emphasis supplied.) Clearly, the above statute does not include the court reporter's charges, but relates specifically and solely to the clerk's charges.

In *Bugg v. State,* 13 Ga. App. 672 (3) (79 SE 748), it is held that the trial judge may require the court reporter to write out a transcript *at the public expense* as an aid to the judge's memory in approving a brief of evidence. "In no case is it the duty of counsel for the movant to present the stenographer's report of the evidence. He was not required by law to do so, and the judge had no power to require the movant to make up the brief of evidence from an official stenographic report, or to produce the report or a copy of it, to be used in verifying the brief." P. 675. Appellant relies on *Greer v. Whitley,* 135 Ga. 333 (69 SE 479), but at page 334 of this decision it is made plain that the costs there referred to are the costs due to the *clerk* (not the cost due to the *court stenographer).* The clerk has certain duties respecting the transcript of the evidence and other parts of the record, and must be paid therefor. See Code Ann. § 6-808 (Ga. L. 1965, pp. 18, 28; 1966, pp. 493, 497; 1968, pp. 1072, 1076). The duties and work of the stenographer is an entirely separate matter. *Taking down* the testimony is one thing, and *writing out the transcript* from the notes used in taking down same is an entirely separate matter. It has been held many times that the court may require each party to join equally in paying the cost of "taking down" the testimony. See *McDonald v. Dabney,* 161 Ga. 711 (12c) (132 SE 547). That is because the "taking down" is for the benefit of each party, no one knowing at that stage which one will be the loser and may need a transcript for the purpose of an appeal. But after the case has

ended, only one party, the loser, needs the testimony written out into a transcript, and this is made very plain in the case of *Seaboard A. L. R. v. Memory,* 126 Ga. 183 (4), and at pp. 190, 191 (55 SE 15), where it is stated: "It is true that the judgment recites that the services of the stenographer, charged for in the bill, which by reference is made a part of the judgment, were rendered as 'official stenographer, under the direction of the court,' but this recital evidently must refer only to the services which were performed in court, in *taking down* the testimony and the charge of the court; for the judgment also recites that the services referred to were rendered 'at the request of counsel for both parties.' Evidently this latter recital must refer only to services rendered by the stenographer in court, which were for the benefit of both parties, *and not for services rendered by him to the losing party, after the trial was over, which were for the benefit of that party alone.* Besides, the bill of the stenographer, which is embraced in the judgment, shows that the services now under consideration were performed merely at the request of counsel for the railway company, and that the transcript charged for was not furnished to the court, but to such counsel." (Emphasis supplied.)

While the new Appellate Practice Act, Code Ann. § 6-805, provides alternate methods for the preparation of a transcript of the evidence and proceedings, one of which authorizes the court reporter to file the original and one copy with the clerk, the law clearly contemplates payment for same by the appellant. In paragraph (c) we find the following: ". . . it shall be the duty of the *appellant* to have the transcript *prepared at his expense."* (Emphasis supplied.)

In *DeBow v. Vicksburg &c. R.,* 150 Ga. 519 (1) (104 SE 201), the Supreme Court of Georgia holds that a successful applicant for certiorari (from Court of Appeals to the Supreme Court) cannot recover from the losing party the cost of "transcript of record furnished the Supreme Court by applicant for certiorari, $164.65."

The majority opinion cites *McGuire v. Johnson,* 25 Ga. 604, and *Central of Ga. R. Co. v. Glascock & Warfield,* 120 Ga. 319 (47 SE 910). But a careful reading of these two authorities will show that they *do not support* the position of the majority. The costs accrued in the lower court must be paid by the losing party, and the costs accrued in the appellate court must be also paid by the losing party. *But the cost of bringing the case from the lower court to the appellate court, particularly the transcript of the evidence,* is not a part of the costs that must be paid by the losing party. That costs,

just as attorney fees and all other cost incidental to the appeal, must be paid by the party who prepares the transcript.

For all of the foregoing reasons I dissent; and I would affirm the lower court as to this item of costs.

I am authorized to state that Judge Pannell joins in this dissent.