### 28665. STONE MOUNTAIN MEMORIAL ASSOCIATION v. STONE MOUNTAIN SCENIC RAILROAD, INC.

NICHOLS, Presiding Justice.

This is the second appearance of this case in this court. See *Stone Mountain Scenic R. v. Stone Mountain Memorial Assn.*, 230 Ga. 800 (199 SE2d 216). On remand of the case to the trial court the Association sought unsuccessfully to have a judgment entered which included interest on the amounts due under the contract from the due dates and "costs" for having a transcript of the evidence prepared by the court reporter for the cross appeal on the first appearance of the case before this court. The appeal is from this judgment adverse to the Association. *Held:*

1. The Association's counterclaim as amended prior to the judgment on the summary judgment sought to recover interest on the amount due under the terms of the contract from the due dates.

Under the prior decision of this court in this case such amounts were liquidated and the Association was

entitled to "a summary judgment on all issues raised by the Railroad's claim and the Association's counterclaim." The trial court erred in refusing to enter a judgment for interest. Compare *State Hwy. Dept. v. Knox-Rivers Const. Co.,* 117 Ga. App. 453 (160 SE2d 641) and citations as to the right of the Association to recover such interest. See *Kenner v. Kenner,* 214 Ga. 680 (107 SE2d 185), as to the duty of the trial court to take no action which is inconsistent with the decision of the appellate court.

2. The Association relies upon the decision of the Court of Appeals in *Barnett v. Thomas,* 129 Ga. App. 583 (200 SE2d 327), as authority for its position that it is entitled to recover from the Railroad the cost incurred in obtaining a transcript of the evidence from the official court reporter for the former appeal, which transcript was filed with the clerk of the superior court and forwarded by such clerk to this court as provided by the Act of 1965 (Ga. L. 1965, pp. 18, 28) as amended (Code Ann. § 6-808).

Prior to the adoption of the Appellate Practice Act of 1965, supra, a brief of the evidence was filed by the party desiring to rely on such evidence on review of the case. The clerk of the trial court copied such brief of the evidence and transmitted the copy to the appellate court. The costs paid the clerk for copying the brief of evidence were recoverable costs when the appealing party was successful. See *Greer v. Whitley,* 135 Ga. 333 (69 SE 479).

Code Ann. § 6-805(c) provides that felony cases must be reported, that misdemeanor cases may be reported and "In all civil cases tried in the superior and city courts and in any other court, the judgments of which are now or hereafter subject to review by the Supreme Court or Court of Appeals, the trial judge thereof may require the parties to have the proceedings and evidence reported, the costs thereof to be borne equally between them and where an appeal is taken which draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared at his expense. Where it is determined that the parties, or either of them, are financially unable to pay the costs of reporting or transcribing, the judge may in his discretion

authorize trial of the case unreported, and when it becomes necessary for a transcript of the evidence and proceedings to be prepared, it shall be the duty of the moving party to prepare the transcript from recollection or otherwise." Subsection (j) of the same section provides: "In all cases, civil or criminal, any party may as a matter of right have the case reported at his own expense."

Code Ann. § 6-806 provides in part: "Where there is a transcript of evidence and proceedings to be included in the record on appeal, the appellant shall cause the transcript to be prepared and filed as provided by section 6-805, but when the appellant has designated that the transcript not be made a part of the record on appeal and its inclusion is by reason of a designation thereof by appellee, the appellee shall cause the transcript to be prepared and filed as hereinbefore referred to at his expense. . . In all cases, it shall be the duty of the trial judge to grant such extensions of time as may be necessary to enable the court reporter to complete his transcript of evidence and proceedings."

Prior to adoption of the Appellate Practice Act, supra, the payment to the court reporter was not recoverable as costs.

The Appellate Practice Act makes it clear that the cost of obtaining from the court reporter a transcript of the evidence falls on the party desiring that the same be transmitted to the appellate court.

While the costs of having transcript prepared by the court reporter are an *expense of appeal* they are not *costs of appeal* which is recoverable from the appellee where the appellant is successful in obtaining a reversal in the appellate court.

The opinion in *Barnett v. Thomas,* supra, is disapproved and the judgment of the trial court refusing to permit the Association to recover the costs of obtaining a transcript of the evidence on the original appeal is affirmed.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Gunter, Ingram and Hall, JJ., who dissent from the ruling in Division 2.*

ARGUED MARCH 12, 1974 — DECIDED APRIL 16, 1974.

*Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, H. Andrew Owen, Jr., Assistant Attorneys General, Michael W. Dyer, Deputy Assistant Attorney General,* for appellant.

*Swertfeger, Scott, Pike & Simmons, M. H. Blackshear, Jr.,* for appellee.

HALL, Justice, dissenting.

In my opinion the Court of Appeals correctly stated the law on this question in *Barnett v. Thomas,* 129 Ga. App. 583 (200 SE2d 327).

The Appellate Practice Act of 1965 provides that the appellant is entitled to a judgment for the "costs in the appellate court" in case of a reversal. Code § 6-1704. It also provides that "it shall be the duty of the appellant to have the transcript [of the evidence] prepared at his expense." Code Ann. § 6-805 (c). Section 6-1704 and 6-805 (c) of the Appellate Practice Act must be construed together.

"The term 'costs,' as applied to proceedings in a court of justice, has, in the acceptance of the profession, and by the practice of all courts in Georgia, a well understood meaning. It includes all charges, fixed by statute, as compensation for services rendered by officers of the court in the progress of the cause." *Markham v. Ross,* 73 Ga. 105 (1b); *Davis v. State,* 33 Ga. 533 (1); *Royal Finance Co. v. Knipher,* 106 Ga. App. 712 (127 SE2d 922); *Walton County v. Dean,* 23 Ga. App. 97, 98 (97 SE 561). Since the statute requires the appellant to pay for the transcript (Code Ann. § 6-805 (c)), since the court reporter is an officer of the court (Code § 24-3101) and since the sole purpose of this requirement is in reference to the appeal, it must logically follow that the "cost" of having a transcript prepared by the court reporter for an appeal is a cost of appeal.

I am authorized to state that Justices Gunter and Ingram concur in this dissent.