### DAVIS MERCANTILE COMPANY *v.* WALKER.

FISH, C. J. 1. Where the plaintiff brought an action against his employer, alleging that the contract of employment was for a year and that the defendant had wrongfully discharged the plaintiff, the action being brought after the expiration of the year and for the recovery of wages for the balance of the term after the alleged discharge, and where the defense was that the plaintiff had never been discharged but had left the employment of the defendant of his own accord, it was error requiring the grant of a new trial for the court to instruct the jury as follows: (1) that if the plaintiff quit with the understanding with the defendant that plaintiff "was to quit unless he did a certain thing, unless he stopped drinking, and refused to do it, it would be equivalent to a discharge from his employment; if the demand was for him to stop drinking or comply with his contract, or quit, this would amount to a discharge on the part of the" defendant; and (2) "if he, [plaintiff] abandoned his employment because his salary was cut without his consent, it would be a discharge from the employment of the" defendant.

2. There was no error in charging the jury that if the defendant discharged the plaintiff because he would not consent to have his salary cut, and this was the only reason for his discharge, the plaintiff would be entitled to recover.            *Judgment reversed. All the Justices concur.*
                                    JUNE 14, 1911.

Action for breach of contract. Before Judge Lewis. Morgan superior court. February 17, 1910.

*Percy Middlebrooks* and *Samuel H. Sibley,* for plaintiff in error. *F. C. Foster,* contra.