### 47940. WILKINSON v. TRUST COMPANY OF GEORGIA ASSOCIATES et al.

STOLZ, Judge. Wilkinson sued the defendant corporation and four of its employees individually and collectively for damages for wilful, malicious, and capricious acts which allegedly caused injury to his reputation, mental pain and suffering, and nervous upset. It was alleged that the individual defendants, while employed by the corporate defendant, have talked about, harassed, and intimidated the plaintiff, causing the termination of his employment with the corporate defendant and the impairment of his possibilities of future employment with anyone. The defendants filed answers, containing the defenses of failure to state a claim and the statute of limitations, and defendant Lawrence filed a

counterclaim for slander. The plaintiff appeals from the trial judge's grant of the defendants' motion for summary judgment, based upon the pleadings; the depositions of the plaintiff and defendants Bracewell, Watters, and Lawrence; and the affidavit of a vice president of the corporate defendant, Mitchell. *Held:*

1. Whatever claims the plaintiff may have had for libel, slander, and intentional infliction of pain and suffering, are barred by the statute of limitations, leaving for our consideration only the claim for malicious and wrongful interference with employment.

2. With respect to the corporate defendant, the showing on the motion for summary judgment was sufficient to pierce the plaintiff's pleadings and indicate an absence of liability as a matter of law. It appears that the plaintiff was asked by his employer to take a two months' leave of absence with pay, in order to think about his employment situation. At the end of this period, he submitted to his employer his written resignation, with the notation thereon that it was "by mutual agreement," citing as reasons "unsatisfactory working conditions" and his need to go to Albany, Georgia to help his parents. He accepted about $3,200 as severance pay.

Even if it is shown that the plaintiff resigned under pressure at his employer's request, this did not amount to a discharge. 56 CJS 446, Master and Servant, § 51; *Davis Mercantile Co. v. Walker,* 136 Ga. 387 (71 SE 663). Furthermore, it appears that the plaintiff's employment was terminable at will, in which cases the employer, with or without cause and regardless of its motives, may discharge the employee without liability. *Elliott v. Delta Air Lines, Inc.,* 116 Ga. App. 36 (156 SE2d 656) and cit. There is no showing that the corporate defendant ever revealed any derogatory information about the plaintiff.

3. Under Code § 105-1207 one who wrongfully procures the *discharge* even of an employee at will may be liable in damages if he acts maliciously and without cause, as the individual defendants are alleged to have done. *Elliott,* supra.

A thorough reading of the depositions on file reveals that the plaintiff had abnormal working relationships with at least 10 to 12 of his fellow employees and at least one of his customers during the last 4 or 5 years of his employment. While the cause of this almost constant friction is in dispute, the plaintiff does not deny its existence, or the fact that the precipitating cause of his being asked to take a leave of absence, after which he resigned, was his own telephone call to the husband of defendant Lawrence, in which he related to him a conversation between Mrs. Lawrence and himself which had occurred approximately seven years previously. The recommendation for this leave of absence was made by an employee who was not made a party defendant, and concurred in by defendant Bracewell because interference by one employee with the domestic life of another, regardless of the cause, could not be tolerated. Defendant Watters did not participate in this decision, and defendant Lawrence herself offered to resign. Furthermore, as we have held in Division 2 hereinabove, the plaintiff's resignation "by mutual agreement" did not constitute a "discharge," which the individual defendants could have wrongfully procured.

Therefore, the trial judge did not err in granting a summary judgment in favor of all of the defendants.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED FEBRUARY 12, 1973 — DECIDED MARCH 12, 1973.

*L. Paul Cobb, Jr.,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Jeffrey R. Nickerson, King & Spalding, Kirk McAlpin, Stack, O'Brien & Neely, Donald E. O'Brien,* for appellees.