### 54803. JOHNSON et al. v. GENERAL MOTORS CORPORATION.

WEBB, Judge.

Johnson and Williams were employed by General Motors as salaried foremen until July 15, 1975. The only employment contracts between them and General Motors respectively provided that "The employee acknowledges that his employment under this agreement is from month to month only on a calendar month basis."

In October of 1974 Johnson and Williams while in the employ of General Motors were arrested and charged with the crime of burglary. The following May they pled nolo contendere to the felony charges of receiving stolen property and each was sentenced to pay a fine of $1,000 and to serve four years on probation.

On July 15, 1975, General Motors having given each the option of resigning or being terminated, they elected to resign and thereby received all pay and benefits due them as of that date. Three months thereafter, and five months after their sentences on the felony charges, Johnson and Williams were granted by Cobb Superior Court discharges under the First Offenders Act (Code Ann. § 27-2727 et seq.).

In October 1976 they brought their complaints against General Motors seeking lost wages and reinstatement to employment alleging that they had been "wrongfully discharged" because of their arrests and sentences. They claimed that by virtue of the Georgia First Offenders' Act the criminal charges were retroactively "eradicated" as of October 29, 1975, as a consequence of which the alleged "discharges" from employment were without cause.

After the depositions of the complainants were taken, General Motors moved for summary judgment. This motion was granted, the trial court concluding that the complainants had resigned from General Motors and had no basis for an action for wrongful discharge. From this grant of summary judgment the complainants have appealed. We affirm the judgment of the trial court.

1. Both complainants admitted that they resigned. Even if it were shown that they resigned under pressure at their employer's request, that did not amount to discharge. *Wilkinson v. Trust Co. of Ga.,* 128 Ga. App. 473, 474 (2) (197 SE2d 146) (1973).

2. In any event, even without the resignations, which were in fact given, General Motors would have been justified in terms of law to terminate the employment. It was not until three months afterwards that the provisions of the First Offenders' Act were invoked. Although the order thereunder eradicated the record of the criminal charges, discharged the appellants without any adjudication of guilt, exonerated them of any criminal purpose and intent, and asserted that no civil rights shall be affected, it could not eradicate the facts of arrest and sentencing, and it could not erase their resignations. See *Morris v. Hartsfield,* 186 Ga. 171 (197 SE 251) (1938).

We find no authority that entry of a plea of nolo contendere to a felony charge cannot be a basis for discharge by a private employer. Generally, a plea of nolo contendere stands upon the same footing as a plea of guilty. *Marshall v. State,* 128 Ga. App. 413 (1) (197 SE2d 161) (1973). Conviction of a crime is accepted as just cause for an employee's discharge as a matter of law. NLRB v. Federal Bearings Co., 109 F2d 945 (2d Cir. 1940).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

Argued November 2, 1977 — Decided November 22, 1977 — Rehearing denied December 7, 1977 — 

G. *Hughel Harrison,* for appellants.
*King & Spalding, Charles M. Shaffer, Jr., William*

*A. Clineburg, Jr., H. Lamar Mixson,* for appellee.