### 61101. PARKER v. FUTURES UNLIMITED, INC.

CARLEY, Judge.

Appellee sued appellant alleging appellee's entitlement to receive the sum of $900 from appellant on the basis of an oral contract to make a loan. After a bench trial, the court entered judgment in favor of appellee in the amount of the alleged unrepaid loan and this appeal is from that judgment.

While not without conflict, the evidence authorized a finding that the money advanced to appellant by the appellee was a loan to be repaid and not compensation for employment. See generally *McLendon v. Johnson,* 69 Ga. App. 214 (3) (25 SE2d 53) (1943), over-ruled on other grounds in *Barfield v. Hilton,* 238 Ga. 150 (231 SE2d 755) (1977). Appellant's argument that the judgment must fall because no time for repayment was specified is without merit. "If no time is specified for performance, performance is due immediately or within a reasonable time after the contract is made. What is a

reasonable time is for the jury. Where no definite time is stated for the performance of a contract, the presumption is that the parties intended that performance would be had within a reasonable time. What is a reasonable time is a question of fact in each case, to be decided by the jury." *Wolf v. Arant,* 88 Ga. App. 568, 571 (77 SE2d 116) (1953). Here, the trial judge, sitting without a jury, was the trior of facts and his findings are amply supported by the evidence.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 12, 1981.

*Jay W. Bouldin,* for appellant.
*R. Hal Meeks, Jr.,* for appellee.