## 61497. ATLANTIC BANK AND TRUST COMPANY v. FOX et al.

BANKE, Judge.

This is an interlocutory appeal from the denial of a motion for summary judgment filed by the plaintiff in a suit to recover the $57,600 principal balance allegedly due on a $60,000 promissory note, plus interest and attorney fees.

The note was executed as part of an agreement entered into by the parties to satisfy a $143,436 deficiency which existed after the plaintiff foreclosed two security deeds executed as security for two previous notes executed to the plaintiff by the defendants. The $60,000 principal amount was repayable in specified monthly installments; and, although no interest was called for so long as the payments were kept current, any installment not received within 15 days of the due date was to accrue interest at the rate of 9 percent per annum. No rate of interest was specified in the event of default and

acceleration.

The only defense advanced by the defendants in opposition to the motion for summary judgment was a contention that the plaintiff could not pursue a claim for a deficiency without having obtained judicial confirmation of the foreclosure sales. *Held:*

This is not a suit to recover a deficiency judgment but rather a suit to recover the balance due on a promissory note executed in consideration of the plaintiff's agreement not to pursue a deficiency judgment, an agreement which was entered into at a time when the plaintiff was still entitled to seek judicial confirmation of the sales. See generally Code Ann. § 67-1503. The terms of the agreement are uncontroverted, as are the existence of the note and the defendants' default thereon. The record thus establishes the plaintiff's right to recover as a matter of law, and the trial court erred in denying the motion for summary judgment. However, the award of interest on the accelerated balance must be limited to 7 percent per annum, rather than the 9 percent which is sought, as there is no language in the note authorizing the collection of a higher rate upon declaration of a default. See generally Code Ann. § 57-101 (as amended through Ga. L. 1979, pp. 355, 356). The award of attorney fees shall be adjusted accordingly.

*Judgment reversed with direction. Deen, P. J., and Carley, J., concur.*

Decided February 25, 1981.

*J. Curtis Lewis III,* for appellant.
*Robert C. Shearouse,* for appellees.