64250. FIELDS et al. v. THOMPSON.

Carley, Judge.

Defendant-appellants, Mr. and Mrs. Fields, entered into a contract to purchase a house and lot from plaintiff-appellee Thompson. Pursuant to this contract, the Fields executed a promissory note to Thompson in the amount of $14,522.97, due and payable in full on or before November 8, 1980. This note also contained the following provision: "The undersigned hereby reserves the right to set-off any amounts incurred by the undersigned for termite and beetle damage to the house . . . *identified prior to the due date of this note. The undersigned will notify the promisee in writing of any damages so identified* and the promisee will have 60 days to repair the damages identified." (Emphasis supplied.)

On December 29, 1980, Thompson filed suit against the Fields,

alleging that they had defaulted on the note. The Fields filed an answer, denying that they were indebted to Thompson in any amount other than $7,000, an amount previously tendered to and refused by Thompson. By counterclaim, the Fields asserted that Thompson had threatened them with physical harm and property damage in order to intimidate and coerce them into making the full payment that was not justifiably owed. The counterclaim sought damages of $10,000 for "physical and mental harm."

After discovery, Thompson moved for summary judgment on the main action and on the counterclaim, which was granted. The Fields bring this appeal, contending that genuine issues of material fact remain as to the extent and amount of damages incurred as a result of termite and beetle damage, the adequacy of notice of such damage to Thompson, and whether or not Thompson's threats, as perceived by the Fields, are actionable in tort.

1. The Fields admitted that the note was executed, that it was due and owing and that it had not been paid. They assert, however, that they have a right to set off expenses incurred by them in repairing termite and beetle damage. However, Mr. Fields swore by affidavit that these damages were not discovered until after March 18, 1981, and the Fields also admitted that no written notice of such damage was ever given to Thompson. The note itself specifically called for written notice of such damage to be given prior to the due date of November 8, 1980. In this regard, "[t]he terms of the agreement are uncontroverted, as are the existence of the note and the defendants' default thereon. The record thus establishes the plaintiff's right to recover as a matter of law . . . ." *Atlantic Bank & Trust Co. v. Fox,* 157 Ga. App. 673, 674 (278 SE2d 474) (1981). Accord, *Tyson v. Henson,* 159 Ga. App. 684 (285 SE2d 27) (1981); *Bowman v. McDonough Realty Co.,* 143 Ga. App. 128 (237 SE2d 647) (1977).

2. No genuine issue of material fact remains with regard to the Fields' affirmative defense of duress or with regard to their counterclaim. Alleged threatening statements made by Thompson in a telephone conversation with Mr. Fields, that he (Thompson) would "get my money" or sue for it, are not sufficient to demonstrate duress or support a cause of action in tort as set forth in the appellants' counterclaim. The Fields did not allege or offer evidence to show that Thompson's threats coerced them to agree to the terms of the promissory note under duress, so as to render the contract voidable under Code Ann. § 20-503. Instead, they claimed that, after the date of their default, Thompson threatened them with "what they considered physical harm and property damage" when he subsequently refused the Fields' proffer of less than the amount

specified in the note. Compare *Hart v. Trust Co. of Columbus,* 154 Ga. App. 329 (268 SE2d 384) (1980). "[D]uress . . . is . . . show[n] [where] there was an apparent intention and ability to execute the threat that would have coerced action or inaction contrary to the victim's will." *Littlegreen v. Gardner,* 208 Ga. 523, 524 (5) (67 SE2d 713) (1951). "An act must be wrongful to constitute duress, and it is not duress to threaten to do what one has a legal right to do. The threat to bring a civil proceeding against a person is not duress in a legal sense. [Cit.]" *Cannon v. Kitchens,* 240 Ga. 239, 240 (240 SE2d 78) (1977); *Stroup v. Robbie Jon Development Corp.,* 159 Ga. App. 652 (284 SE2d 667) (1981).

Thompson was entitled to be paid in full under the terms of the note. Thus, there was no error in granting summary judgment in his favor, there being no genuine issue of material fact as to either the main action or the counterclaim.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED NOVEMBER 8, 1982.

*Gerald W. Fudge,* for appellants.
*James H. Mobley, Jr.,* for appellee.