77584. BELCHER v. THOMSON NEWSPAPERS, INC.
(379 SE2d 204)

CARLEY, Chief Judge.

Appellant-plaintiff filed a complaint, alleging that his employment contract had been wrongfully terminated by appellee-defendant. Appellant appeals from the trial court's grant of appellee's motion for summary judgment. Appellant enumerates the grant of summary judgment in favor of appellee as error, urging that there remained genuine issues of material fact to be submitted to the jury.

The evidence of record contains a written contract between appellee and appellant. One of the paragraphs of the contract provides, in relevant part, as follows: "Either party may cancel this contract, at any time before or after termination of an initial or renewal term, on 30 days written notice with or without cause." The evidence of record also contains appellee's letter to appellant, terminating the latter's employment on only two-days' notice. On this evidence, it was clearly error to grant summary judgment in appellee's favor. Construing the evidence most favorably for appellant would authorize a finding that appellee had breached the contract by failing to give the thirty-days' notice required under the terms of the contract. "A wrongful discharge in violation of a contract right to continued employment gives an employee the right to recover damages. . . . 'Where a contract of employment expressly empowers an employer to terminate the contract upon giving notice, recovery for wrongful breach is limited to the notice period.'" *Mayor & City of Douglasville v. Hildebrand,* 175 Ga. App. 434, 437 (3) (333 SE2d 674) (1985). Accordingly, appellee *would* be liable to appellant for damages incurred as the result of the

breach of the contractual notice provision. The lack of any evidence of harm to appellant resulting from this breach "would not constitute a viable basis for granting [appellee's] motion for summary judgment. 'In every case of breach of contract the injured party has a right to damages, but if there has been no actual damage, the injured party may recover nominal damages sufficient to cover the costs of bringing the action.' OCGA § 13-6-6. See *Bishop v. Intl. Paper Co.*, 174 Ga. App. 863 (332 SE2d 12) (1985); *Bradley v. Godwin*, 152 Ga. App. 782, 784 (3) (264 SE2d 262) (1979)." *Don Swann Sales Corp. v. Parr*, 189 Ga. App. 222 (2) (375 SE2d 466) (1988).

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 15, 1989 —
REHEARING DENIED FEBRUARY 27, 1989 —

Coleman, Kitchens, Wolfson & Smith, David M. Wolfson, Robert E. Cullifer, for appellant.
W. G. Elliott, for appellee.