## A92A0458. BURRITT v. MEDIA MARKETING SERVICES, INC.
### (420 SE2d 792)

CARLEY, Presiding Judge.

Appellant-plaintiff was employed as a commissioned salesperson by appellee-defendant. When her employment was terminated, appellant filed a multi-count complaint against appellee. After discovery, cross-motions for summary judgment were filed. The trial court granted summary judgment in favor of appellee, and appellant appeals.

1. There appears to be some dispute as to whether, at the time she was discharged, appellant's employment was pursuant to a written or an oral agreement. It is, however, undisputed that appellant's employment was not for any definite period. Accordingly, the trial court did not err in granting summary judgment in favor of appellee as to appellant's wrongful termination claim. " 'It is well settled that in this state "(a)n indefinite hiring may be terminated at will by either party, with or without cause, and there is no cause of action against an employer for an alleged wrongful termination. (Cits.)" [Cit.]' [Cits.]" *Hickman Datsun, Inc. v. Foster*, 181 Ga. App. 229, 230 (1) (351 SE2d 678) (1986).

2. Construing the evidence most favorably for appellant, however, she was entitled to seven days' written notice of the termination of her employment and appellee failed to provide her that notice. An employer may terminate the employment of an at-will employee for any or no *reason*, but if an employer further agrees that *notice* of that termination is to be given, the employer's failure to give the requisite notice upon the election to terminate the employment constitutes an actionable breach of contract. *Belcher v. Thomson Newspapers*, 190 Ga. App. 466 (379 SE2d 204) (1989). Accordingly, the trial court erred in granting summary judgment in favor of appellee as to appellant's claim for breach of the seven days' notice provision.

3. Appellant also sought unpaid commissions which she had allegedly earned during her employment. In moving for summary judgment, appellee relied upon the following provision of the written contract: "In the event of termination of this contract by either party, [appellant] will be paid commission on all sales *where funds are received within 10 days of termination*." (Emphasis supplied.) According to appellee, appellant has no viable claim for unpaid commissions on sales made during her employment, because it received no funds from those sales within ten days of the termination of her employment.

The above-quoted provision whereby appellant forfeited her commission on sales for which payment had not been received by appellee within ten days of her discharge appears in the same written contract containing the provision regarding appellee's obligation to give seven

days' termination notice to appellant. As noted in Division 2, a genuine issue of material fact remains as to appellee's breach of that seven days' notice provision. Accordingly, the trial court erred in granting appellee's motion for summary judgment as to appellant's claim for unpaid commissions on sales made during her employment, notwithstanding that funds from those sales may not have been received by appellee within ten days of the termination of appellant's employment. By its own breach of the seven days' notice provision of the contract, appellee would have lost the right to rely upon the contractual provision limiting appellant's commissions to only those sales for which funds were received within ten days of the termination of her employment.

Construing the evidence most favorably for appellant, "[t]his case involves a situation where, as to the commissions sought, [appellee] procured . . . orders . . . due to [appellant's] efforts, and on which [appellant] had completed everything required of [her] in order to procure the sale. . . . Consequently, the right to the commissions absolutely vested in [appellant] at that time, subject only to two contingencies — that the order might be cancelled [by the customer to whom appellant had made the sale], in which event under the terms of the contract [appellant] would lose [her] right thus acquired to the commissions, or that the contract of employment might be canceled according to its terms [ten days] before . . . payment [by the customer] took place. This contract was not canceled according to its terms, although it was undoubtedly canceled. . . . An attempt to discharge an employee in a manner not contemplated thereby is certainly a fundamental breach of the contract. Whether [appellant] was in fact harmed by failure to give the . . . short notice required is not here involved, the question being whether [appellee] can insist upon a forfeiture clause in the contract when it has not complied with the terms of the contract under which such forfeiture clause may be invoked. Forfeitures are not favored, and are subject to a very strict construction. [Cits.] In consequence, it must be held that, under a strict construction of the contract, the failure of [appellee] to cancel the same in accordance with its terms was in itself such a breach of the contract as would prevent [appellee] from insisting upon the forfeiture provision. . . . The withholding of commissions already earned would amount to a forfeiture of such commissions which [appellee] has no right to insist upon unless, by strict compliance with the contract on its part, some right arising therefrom entitles it to do so. There was no such compliance in this case, and no such right." *Hubert v. Luden's, Inc.*, 92 Ga. App. 427, 431-433 (5) (88 SE2d 481) (1955).

This holding is not inconsistent with *McKissick v. Roth Communications of Savannah*, 203 Ga. App. 747 (417 SE2d 696) (1992). In

*McKissick*, there was no issue concerning the employer's breach of a termination notice provision. Accordingly, the employer was entitled to enforce a contractual provision limiting the discharged employee to a recovery of commissions on such sales orders as were otherwise billable to customers during the tenure of employment and were thereafter collected within 90 days of the employee's discharge. "[I]f a contract of employment on a commission basis provided for discharge without notice, and also provided that, in the event of discharge, the salesman should not be entitled to compensation for orders not completed and full deliveries made, the terms of such contract would be upheld." *Hubert v. Luden's, Inc.*, supra at 431 (5). In the instant case, an issue concerning appellee's breach of the seven days' notice provision does remain. Accordingly, an issue would likewise remain as to appellee's entitlement to enforce the contractual provision whereby appellant would forfeit her commissions on sales orders which were otherwise made during the tenure of her employment but which were not thereafter collected within ten days of her discharge. *Hubert v. Luden's, Inc.*, supra at 431-433 (5).

4. Because a genuine issue of material fact remains as to appellee's breach of the seven days' notice provision, the trial court also erred in granting appellee's motion for summary judgment on appellant's alternative quantum meruit claim. "[W]here an employer breaches a contract of employment, the employee may sue on quantum meruit to recover the value of the services so performed; or he may maintain an action to recover damages for the loss sustained by the breach. Of course he may maintain both such actions for a single recovery by setting out his differing legal theories of recovery under separate counts of the same petition. [Cit.]" *Hubert v. Luden's, Inc.*, supra at 432 (5).

5. Appellant has no viable claim for fraud based upon either the termination of her employment or any alleged oral misrepresentations concerning the terms thereof. *A. L. Williams & Assoc. v. Faircloth*, 259 Ga. 767, 769 (3) (386 SE2d 151) (1989); *Alston v. Brown Transport Corp.*, 182 Ga. App. 632 (1) (356 SE2d 517) (1987). Accordingly, the trial court correctly granted summary judgment in favor of appellee as to appellant's fraud claim.

6. That the termination of appellant's employment resulted in the termination of appellant's relationship with appellee's clients gives rise to no viable claim for tortious interference. "Tortious interference with contractual relations is applicable only when the interference is done by one who is a stranger to the contract. [Cits.]" *Jet Air, Inc. v. Nat. Union Fire Ins. Co.*, 189 Ga. App. 399, 403 (4) (375 SE2d 873) (1988). Appellant had no independent contractual relations with appellee's clients and appellee was certainly no "stranger" to its contracts with its own clients. If appellant is to recover, it is on

the basis that appellee breached its contract of employment with her, not on the basis that appellee tortiously interfered with appellant's contractual relation with appellee's clients.

7. Appellant's remaining enumerations of error have been considered and found to be without merit or moot.

8. As to appellant's claims for wrongful termination, fraud and tortious interference, no genuine issue of material fact remains and the trial court correctly granted summary judgment in favor of appellee. As to appellant's claims for breach of the seven days' notice provision, unpaid commissions and quantum meruit, genuine issues of material fact remain. Accordingly, as to those claims, the trial court erred in granting summary judgment in favor of appellee and correctly denied summary judgment in favor of appellant.

*Judgment affirmed in part and reversed in part. Pope and Johnson, JJ., concur.*

DECIDED JULY 8, 1992.

*Robert M. Goldberg,* for appellant.
*Freeman & Hawkins, Kenan G. Loomis,* for appellee.