## A94A1808. CLARK v. CHICK-FIL-A, INC.
(449 SE2d 313)

BLACKBURN, Judge.

Appellant, David Clark, appeals the order of the trial court granting appellee, Chick-Fil-A's ("CFA") motion for summary judgment and dismissing his suit for damages for wrongful termination and attorney fees.

In 1989, Clark became the operator of a Chick-Fil-A restaurant pursuant to an Independent Contractor's Agreement ("Agreement") between himself and CFA. The Agreement could be terminated in three ways: CFA could terminate without notice and for cause if one of the enumerated conditions was met, either CFA or Clark could terminate for any reason with 30 days written notice, or CFA could terminate immediately and without cause upon written notice and the payment of liquidated damages.

On February 11, 1992, at CFA's request, Clark met with several CFA representatives who informed him that he was in breach of the Agreement for cohabiting with a supervising employee. CFA told Clark that it intended to terminate him for subjecting the company to "public scandal and ridicule" in violation of the Agreement, but gave Clark the option of resigning so that the termination of the relationship would not negatively affect Clark's future business opportunities. Clark voluntarily resigned, signing a CFA-prepared letter of resignation, cancelling the Agreement. Clark never attempted to rescind his resignation.

1. In his first enumeration Clark asserts a jury question exists as to whether he had been unilaterally terminated by CFA. He argues that he signed the letter of resignation only after CFA told him that it had decided to terminate him; that his letter was involuntary; and

that the letter is a de facto release of claims to which the defense of duress was applicable. We disagree.

In Georgia one cannot state a claim for wrongful termination when it is undisputed that the employment was terminated incident to resignation. *Precise v. City of Rossville*, 261 Ga. 210 (403 SE2d 47) (1991); *Johnson v. GMC*, 144 Ga. App. 305, 306 (241 SE2d 30) (1977); *Wilkinson Trust v. Trust Co. of Ga. Assoc.*, 128 Ga. App. 473, 474 (197 SE2d 146) (1973).

This is true even if the employee resigned under pressure and at the employer's request and even if the employee knew that termination action would be taken in the absence of resignation. Id. Clark contends that the question of his resignation's voluntariness is a jury issue. However, Clark's reliance on *Gantt v. Patient Communications Systems*, 200 Ga. App. 35 (406 SE2d 796) (1991), is misplaced. In *Gantt*, the plaintiff sought termination benefits after he resigned upon his demotion from the position of CEO and president of the company. Id.

In the present case, it is uncontroverted that Clark resigned in lieu of termination, receiving thereby the benefits of resignation, and that he did so knowing that he had the right of refusal. His resignation was thus voluntary. Accordingly, as a matter of law, Clark has not stated a claim for wrongful termination. Inasmuch as "there is no genuine dispute . . . and the admitted facts point to the right of one party to judgment as a matter of law, then summary judgment is the proper remedy." *Sands v. Lamar Properties*, 159 Ga. App. 718, 720 (285 SE2d 24) (1981).

We do not reach Clark's argument that the resignation letter was a de facto release of claim, as it is raised for the first time on appeal. *Long v. Marion*, 257 Ga. 431, 432 (360 SE2d 255) (1987). We do, however, conclude, as did the trial judge, that Clark cannot claim that the letter of resignation was signed under duress. See *Fields v. Thompson*, 164 Ga. App. 331, 333 (297 SE2d 100), (1982). (It is not duress to threaten to do that which one has a legal right to do.)

2. Clark next asserts that CFA terminated him in bad faith entitling him to attorney fees and litigation expenses pursuant to OCGA § 13-6-11. This claim of error fails as a matter of law as did the first. Clark's employment with CFA was terminated by his own hand, and there is no bad faith evidence in the record. Again, we conclude that the grant of summary judgment was proper.

3. Clark last contends that he is entitled to reimbursement for an orange juice promotion and for cash advances he made to his employees before he was terminated by CFA. However, we find no evidence in the record to support these claims and Clark failed to produce any such evidence at the hearing below. Accordingly, Clark "may not rest upon his complaint but must come forward with his case in full in

order to show there is a genuine issue [of fact]." *Meade v. Heimanson*, 239 Ga. 177, 179 (236 SE2d 357) (1977). See also *Kornegay v. Mundy*, 190 Ga. App. 433, 434 (379 SE2d 14) (1989).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 4, 1994.

*Robins, Kaplan, Miller & Ciresi, Daniel A. Ragland,* for appellant.

*Troutman Sanders, Alan P. Shor, Lesley G. Carroll,* for appellee.