A98A0275. BOWMAN et al. v. STEPHENS.
(501 SE2d 245)

Judge Harold R. Banke.

Myra G. Stephens obtained a jury verdict for $37,836.40 in her breach of contract action against Sandra Bowman and Madeline R. Lowry d/b/a Bowman and Lowry Bookkeeping and Income Tax Services ("Bowman").[1] Bowman's sole enumeration of error is that the trial court erred in failing to direct a defense verdict at the close of Stephens' case.

In June 1989, Bowman and Stephens executed a contract for the purchase of the assets of Stephens' bookkeeping business. Bowman agreed to make monthly payments of 20 percent of all fees collected from clients for a five-year period. Paragraph 8 of the contract provides that "if by December 10, 1991 Purchaser [Bowman] has not paid Seller [Stephens] under the foregoing terms an aggregate amount of Fifty Thousand Dollars ($50,000) Purchaser will either: (a) Pay to the Seller an amount which will increase the aggregate payments to said sum of Fifty Thousand Dollars ($50,000) or, (b) Recon-

---

[1] Because Myra Stephens died after obtaining the judgment, her executrix, Charlene Stephens, was substituted as a party and is the appellee.

vey said client files, books, records, and such of the office furniture, fixtures and equipment as originally acquired from Seller as is still on hand to Seller, consider this agreement to be terminated, and consider all previous payments made as liquidated damages."

Stephens contended that paragraph 8 required that on or before December 10, 1991, Bowman had to make an election to either pay the full purchase price of $50,000 or reconvey the assets. The undisputed trial evidence indicated that by that date, Bowman took neither action. Although Bowman had paid only a total of $16,217.50, Bowman neither paid the shortfall nor reconveyed the listed assets. Central to Bowman's defense was its contention that it reasonably and adequately complied with the contract terms by extending a written offer to reconvey the assets about 11 months subsequent to the December date. Bowman claimed that by making this tender, it was exercising its right to terminate the agreement and, thus, was insulated from any further liability. In moving for a directed verdict, Bowman argued: (1) that because the contract failed to specify a particular date for the return of the assets, a return within a reasonable time could be implied, and (2) that Stephens improperly asserted a demand for more in damages than the contract authorized. In denying Bowman's motion, the trial court concluded that the jury needed to resolve the disputed issues relating to Stephens' demands and Bowman's alleged tender. *Held*:

We must reject Bowman's contention that the court erred in denying the motion. A directed verdict is proper only if "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict[.]" OCGA § 9-11-50 (a). " 'In determining whether any conflict in the evidence exists, the court must construe the evidence most favorably to the party opposing the motion for a directed verdict. The standard used to review the grant or denial of a directed verdict is the "any evidence" test.' " (Citations and punctuation omitted.) *Grubb v. Woodglenn Properties,* 220 Ga. App. 902, 903 (1) (470 SE2d 455) (1996).

In this case, the evidence did not demand a particular verdict. Compare *Aldridge v. Dixie Fire &c. Co.,* 223 Ga. 130, 133 (1) (153 SE2d 723) (1967). Although Stephens admitted that her demands exceeded the specified terms of the contract, substantial issues remained for jury resolution, especially in light of the parties' disputed interpretation of the express terms in paragraph 8. *Mercer v. Woodard,* 166 Ga. App. 119, 126 (10) (303 SE2d 475) (1983).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED MARCH 31, 1998 —
RECONSIDERATION DENIED APRIL 20, 1998.

*Crumbley & Chafin, Wade M. Crumbley*, for appellants.
*Lawrence D. Kupferman*, for appellee.