A99A1718. BURRITT v. MEDIA MARKETING SERVICES, INC.
(527 SE2d 890)

ELLINGTON, Judge.

This is the second appearance of this case before us. In *Burritt v. Media Marketing Svcs.*, 204 Ga. App. 848 (420 SE2d 792) (1992), we affirmed in part and reversed in part the trial court's grant of summary judgment to Media Marketing, a company for which Burritt sold vacation packages as an independent contractor. Although we upheld the grant of summary judgment as to Burritt's wrongful termination, fraud, and tortious interference claims, we found that material issues of fact remained as to whether Media Marketing breached an agreement to give Burritt seven days written notice of termination and whether Burritt was consequently entitled to com-

missions on sales made during her employment or to a quantum meruit recovery for the value of her services. Id. The jury resolved these remaining issues in Burritt's favor, awarding her $7,595 in damages.

Because the judgment was for less than $10,000, Burritt filed an application for discretionary appeal, OCGA § 5-6-35 (a), which we granted. Burritt argues the trial court erred in excluding evidence, in denying her motion for a directed verdict, in giving certain jury charges, and in refusing to award appellate costs following this Court's partial reversal of the grant of summary judgment. For the following reasons, we affirm the judgment in favor of Burritt but reverse the trial court's order denying appellate costs.

1. Burritt argues that the trial court erred in granting Media Marketing's motion in limine to exclude evidence of the reasons for her termination. Burritt, who did not make any claim of gender discrimination, sought to introduce evidence that she was fired because she is female. The trial court ruled, and we affirmed, that Burritt's contract was terminable at will. *Burritt v. Media Marketing Svcs.*, 204 Ga. App. at 848 (1). Given this fact, evidence regarding any improper motive for Burritt's discharge is irrelevant and presents no issue for jury resolution. *Winters v. Pund*, 179 Ga. App. 349, 353 (346 SE2d 124) (1986), overruled on other grounds, *Wickliffe v. Wickliffe Co.*, 227 Ga. App. 432, 434 (1) (489 SE2d 153) (1997).

Further, Media Marketing did not make the reasons for Burritt's termination an issue in the case. Although Media Marketing presented evidence that Burritt breached a nondisclosure provision of her contract, it did not argue that she was fired because of the breach. Rather, it argued that Burritt's violation of the nondisclosure provision relieved it of its contractual obligation to give Burritt seven days notice prior to termination. Consequently, evidence of Media Marketing's improper motives was not relevant for either impeachment or rebuttal purposes. "A witness may not be impeached by contradictory statements previously made by him as to immaterial matters not relevant to his testimony and to the case." (Citations, punctuation and emphasis omitted.) *England v. Ga.-Fla. Co.*, 198 Ga. App. 704, 707 (5) (402 SE2d 783) (1991). The trial court did not abuse its discretion in excluding evidence of Media Marketing's motives for Burritt's discharge.

2. Burritt argues the trial court erred in refusing to direct a verdict in her favor on the question of whether she violated the nondisclosure provision of her contract with Media Marketing.

> A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced with all reasonable inferences therefrom

demands a particular verdict. On appeal, the standard of review of a trial court's denial of a motion for directed verdict is the "any evidence" standard.

(Citations omitted.) *Jet Food Stores v. Kicklighter*, 226 Ga. App. 552-553 (1) (487 SE2d 120) (1997). Viewed in this light, the record reveals that Burritt, while employed by Media Marketing, gave the name of a Media Marketing client to a competitor, an act she testified may have been wrongful. The contract contained an agreement not to disclose confidential company information which arguably prohibited Burritt from giving the name of a client to a competitor. Burritt argues that the contract provision does not apply. However, whether Burritt was still operating under the contract at the time of the disclosure, whether the states comprising her contract territory had changed during the course of her employment, and whether client names were secret within the meaning of the contract were all factual issues for the jury to resolve. See *Bowman v. Stephens*, 232 Ga. App. 326, 327 (501 SE2d 245) (1998). Therefore, the trial court properly denied Burritt's motion for a directed verdict.

3. Burritt argues the trial court erred with respect to her written Request to Charge Nos. 25, 27-34, and 49. She contends the court erred in refusing to give Charge Nos. 25 and 27. When the trial court asked if she had any exceptions to the charge as given, however, she failed to voice her objection to the court's refusal to give these charges. Therefore, she has waived her right to object to the court's refusal to give these charges on appeal. *Southeastern &c. Ins. Co. v. Hotle*, 222 Ga. App. 161, 166 (473 SE2d 256) (1996); OCGA § 5-5-24 (a). Burritt did except to the court's refusal to give her Request to Charge Nos. 28-32, all of which applied to claims of sexual discrimination. Because Burritt made no claim of sexual discrimination, the charges were irrelevant to the issues tried. "A request to charge which is irrelevant to all issues to be determined by the jury may be rejected." (Punctuation omitted.) *Robinson v. State*, 182 Ga. App. 423, 428 (21) (356 SE2d 55) (1987). Request to Charge No. 33, with the exception of a phrase that applied to a claim of sexual discrimination, was given. Request to Charge No. 34, which instructed the jury to ignore the contract's forfeiture provision under certain circumstances, assumed facts that either were not supported by the evidence or were contrary to it. Refusing to give a charge which is not adjusted to the evidence is not error. *Berry v. State*, 262 Ga. 614, 615-616 (4) (422 SE2d 861) (1992). Finally, Request to Charge No. 49 is not contained in the record, nor is it a part of the trial transcript. To review this allegation of error, it is essential that we have timely access, in either the record or the transcript, to the appellant's written request to charge. "When a portion of the record is not before this

court which is necessary for our determination of one or more of the appellate issues raised, an affirmance as to those issues must result." (Punctuation omitted.) *Ogles v. State*, 218 Ga. App. 92 (1) (a) (460 SE2d 866) (1995). Accordingly, the trial court did not err in refusing to give Request to Charge No. 49.

4. In her final assertion of error, Burritt argues the trial court erred in denying her motion for appellate costs following this Court's partial reversal of the trial court's grant of summary judgment. We agree. OCGA § 5-6-5 provides: "If there is a judgment of reversal, the appellant shall be entitled to a judgment for the amount of the costs in the appellate court against the appellee as soon as the remittitur is returned to the court below." This statute "plainly provides that an appellant who obtains a reversal is entitled to the costs of appeal." *Gwinnett Property N.V. v. G+H Montage GmbH*, 215 Ga. App. 889, 896 (5) (453 SE2d 52) (1994). Media Marketing argues that although Burritt obtained a reversal, it was not a substantial modification of the judgment entitling her to fees. See *Hartley v. Hartley*, 212 Ga. 62 (1) (90 SE2d 555) (1955). We disagree. Although we affirmed the trial court's grant of summary judgment on most of Burritt's claims, the reversal she obtained nevertheless substantially modified the judgment because it allowed her suit to proceed to trial. Because Burritt did obtain this substantial modification as a result of her efforts on appeal, she is entitled to appellate costs under OCGA § 5-6-5. Id. Therefore, we reverse the trial court's order denying appellate costs and instruct the court to assess costs of that appeal against Media Marketing.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 12, 2000 —
RECONSIDERATION DENIED JANUARY 28, 2000 — 

*Robert M. Goldberg*, for appellant.
*Smith, Helms, Mulliss & Moore, Kenan G. Loomis*, for appellee.