### A01A0309. PARKER v. CRIDER POULTRY, INC. et al.
(549 SE2d 711)

ELDRIDGE, Judge.

Appellee-plaintiff Crider Poultry, Inc. and Crider, Inc. ("Crider") brought the instant damages action against appellant-defendant Jeffrey A. Parker seeking repayment of a portion of a bonus advanced to Parker when employed as Crider's president upon counts averring indebtedness arising out of money had and received and unjust enrichment. The complaint also alleged that Parker breached a fiduciary duty owed Crider by assisting the company's vice president of marketing in finding employment with a competitor and sought punitive damages and attorney fees under OCGA § 13-6-11. Parker timely answered and counterclaimed, alleging breach of contract for Crider's failure to give him 90 days notice of his termination in violation of his employment contract, wrongful termination, entitlement to attorney fees under OCGA § 13-6-11 for stubborn litigiousness by Crider, and punitive damages. The superior court granted Parker's motion to amend counterclaim, permitting him to add an equitable cause of action in quantum meruit. Parker now appeals from the superior court's grant of partial summary judgment to Crider on Parker's original counterclaim. Finding no merit in Parker's claims of error, we affirm.

1. Parker contends that the superior court erred in granting Crider summary judgment as to his breach of contract claim for alleged violation of the 90-day notice provision of his employment contract. Citing our decision in *Burritt v. Media Marketing Svcs.*, 204 Ga. App. 848 (2) (420 SE2d 792) (1992), Parker correctly argues that

> an employer may terminate the employment of an at-will employee for any or no *reason*, but if an employer further agrees that *notice* of that termination is to be given, the employer's failure to give the requisite notice upon the election to terminate the employment constitutes an actionable breach of contract. *Belcher v. Thomson Newspapers*, 190 Ga. App. 466 (379 SE2d 204) (1989).

(Emphasis in original.) Id. However, unlike *Burritt* wherein an employment contract at will containing a termination provision was in issue, there is here no contract for violation of the Statute of Frauds. See OCGA § 13-5-30 (5) ("To make the following obligations

binding on the promisor, the promise must be in writing and signed by the party to be charged therewith or some person lawfully authorized by him: . . . (5) Any agreement that is not to be performed within one year from the making thereof."). Parker submitted his resignation more than two years after he started working. As a consequence, the performance of his employment agreement was not to be completed within one year and was within the Statute of Frauds, requiring that Parker's employment agreement be in writing. Id. Where, as here, a letter from the employer is relied on as sufficient to remove an agreement from the Statute of Frauds, such letter must, at a minimum, address the duration of the term of the employment. *Wheeling v. Ring Radio Co.*, 213 Ga. App. 210, 211 (444 SE2d 144) (1994). That such a letter discussed increasing levels of salary or bonus opportunities over a term of years, or that the employee terminated his or her prior employment, relocated, and began work, does not show a partial performance of the contract sufficient to vitiate the requirement for a writing in satisfaction of the Statute of Frauds. Id. Moreover, while parol evidence is admissible to explain ambiguities in contracts required to be in writing by the Statute of Frauds, it is inadmissible to supply terms which are missing. *Sawyer v. Roberts*, 208 Ga. App. 870, 871 (432 SE2d 610) (1993); *Gatins v. NCR Corp.*, 180 Ga. App. 595, 597 (349 SE2d 818) (1986). The superior court did not abuse its discretion in construing the letter in issue as failing to include a definite term of employment. Contracts, even when ambiguous, are to be construed by the court, and no jury question is presented unless after application of the applicable rules of construction an ambiguity remains. *Travelers Ins. Co. v. Blakely*, 255 Ga. 699, 700 (342 SE2d 308) (1986). "Summary judgment is proper even though the parties contend the contract should be construed differently. [Cit.]" *Gatins v. NCR Corp.*, supra at 596. Since Parker's employment agreement was thus unenforceable as a matter of law under the Statute of Frauds, the superior court did not err in granting Crider summary judgment on Parker's counterclaim for breach of contract.

2. Parker enumerates that the superior court erred in granting Crider summary judgment as to his counterclaim in tort for wrongful termination. Parker argues that a jury should determine whether the conditions of his Crider employment forced him to resign. We disagree. "It is well settled that in this state an indefinite hiring may be terminated at will by either party, with or without cause, and there is no cause of action against an employer for an alleged wrongful termination." (Citations and punctuation omitted.) *Burritt v. Media Marketing Svcs.*, supra at 848 (1). Further, in Georgia, a claim for wrongful termination does not lie when it is undisputed that the employment was terminated incident to resignation, even if under

pressure. *Precise v. City of Rossville*, 261 Ga. 210, 211 (2) (403 SE2d 47) (1991); *Johnson v. Gen. Motors Corp.*, 144 Ga. App. 305, 306 (1) (241 SE2d 30) (1977); *Wilkinson Trust v. Trust Co. of Ga. Assoc.*, 128 Ga. App. 473, 474 (1) (197 SE2d 146) (1973). "This is true even if the employee resigned under pressure and at the employer's request and even if the employee knew [the] action would be taken in the absence of [his] resignation. [Cits.]" *Clark v. Chick-Fil-A*, 214 Ga. App. 758, 759 (1) (449 SE2d 313) (1994). That Parker resigned is not in issue. Accordingly, this claim of error is without merit.

3. Punitive damages are not available in actions for breach of contract. OCGA §§ 13-6-10; 51-12-5.1; *Trust Co. Bank v. C & S Trust Co.*, 260 Ga. 124, 126 (2) (390 SE2d 589) (1990). In light of our disposition of Division 2, the superior court properly granted Crider summary judgment on Parker's counterclaim for punitive damages.

4. Finally, inasmuch as the provisions of OCGA § 13-6-11 are not available to a defendant, even when pressing a counterclaim, *White v. Watson Enterprises*, 129 Ga. App. 203 (199 SE2d 357) (1973), rev'd on other grounds, *Mock v. Canterbury Realty Co.*, 152 Ga. App. 872 (264 SE2d 489) (1980), the superior court did not err in granting Crider summary judgment on the issue of OCGA § 13-6-11 attorney fees.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED APRIL 12, 2001 —
RECONSIDERATION DENIED APRIL 26, 2001

*Capers, Dunbar, Sanders & Bruckner, Ziva P. Bruckner*, for appellant.

*Troutman Sanders, Steven J. Hewitson, William M. Droze*, for appellees.