A03A0369. BARROW COUNTY AIRPORT AUTHORITY v. ROMANAIR, INC.
(581 SE2d 402)

SMITH, Chief Judge.

This case comes to us again following remand to the trial court in the earlier decision of *Barrow County Airport Auth. v. Romanair, Inc.*, 254 Ga. App. 722 (563 SE2d 467) (2002). After determining that

rent adjustments were required to be made within a reasonable time after a "change date" specified in the lease, we remanded the case to the trial court to determine whether such an adjustment had, in fact, been made within a reasonable time. Because we find that the trial court properly resolved the issue on remand and properly cast costs against the Authority, we affirm the judgment.

In *Barrow County Airport Auth.*, we were called upon to construe a lease agreement between the parties. We affirmed most of the trial court's rulings regarding the interpretation of the lease, finding that the trial court correctly construed the lease to limit any increase in the rent to no more than 30 percent of the previous payment, even if the Authority had not previously made any adjustments, and to require some action by the Authority to increase the rent. Id. at 725 (3). We found that the trial court erred in interpreting the lease to mean that the Authority was required to make rent adjustments *before* the beginning of each "change date" specified in the lease because the lease provided that the rent " 'shall be subject to adjustment *at the beginning* of each five year period.' " Id. at 725 (4). We concluded that language in the lease required the Authority to make rent adjustments "within a reasonable time at the beginning of the five-year period. [Cit.]" Id. at 726 (6). We could not determine from the record before us on appeal whether the almost seven-month period from the latest "change period" on September 1, 2000, to March 27, 2001, when the Authority made the rent adjustment, was a "reasonable time." We therefore remanded the case to the trial court "to resolve this issue." Id. The trial court resolved the issue against the Authority, finding that this period was "not sufficiently 'at the beginning of the five year period' to permit the Authority to increase the rent." The Authority appeals that decision.

1. Originally, the parties stipulated the facts and participated in a bench trial. *Barrow County*, supra, 254 Ga. App. at 724. After remand, however, the Authority filed a jury demand. The Authority now contends the trial court erred in resolving this issue when a jury demand had been filed and the question was one of fact for a jury. We do not agree.

The parties waived the right to a jury trial before the first appeal. When the case was remanded for further proceedings, appellant sought to withdraw its waiver by filing a jury demand. But the Authority's participation in a bench trial was a waiver of its right to a jury. *Raintree Farms v. Stripping Center*, 166 Ga. App. 848, 849 (1) (305 SE2d 660) (1983); *Servisco, Inc. v. R.B.M. of Atlanta, Inc.*, 147 Ga. App. 671-672 (2) (250 SE2d 10) (1978). "A waiver of jury trial at the first trial of the civil case applies to retrials of the same case. [Cits.]" *City of Atlanta v. McLennan*, 240 Ga. 407, 409 (1) (240 SE2d 881) (1977).

Moreover, we do not agree with the Authority that the issue *must* be decided by a jury. It is true that in *Parker v. Futures Unlimited*, 157 Ga. App. 520 (278 SE2d 99) (1981), this court stated:

> What is a reasonable time is for the jury. Where no definite time is stated for the performance of a contract, the presumption is that the parties intended that performance would be had within a reasonable time. What is a reasonable time is a question of fact in each case, to be decided by a jury. [Cit.]

Id. at 520-521. But the court in *Parker* went on to state: "Here, the trial judge, sitting without a jury, was the trior of facts and his findings are amply supported by the evidence." Id. at 521. Contrary to the Authority's argument, therefore, this court's citation to *Parker* in *Barrow County*, supra, 254 Ga. App. at 726 (6), did not signify that only a jury could resolve the remanded issue, but only that it was an issue for the trier of fact. The trial court did not abuse its discretion by resolving the remanded issue without the intervention of a jury.

2. The Authority also maintains that because in *Barrow County*, supra, this court affirmed in part, reversed in part, and remanded one issue, the trial court erred in casting all costs against it. We do not agree.

The Authority argues that OCGA § 5-6-5 "plainly provides that an appellant who obtains a reversal is entitled to the costs of appeal." (Citation and punctuation omitted.) *Burritt v. Media Marketing Svcs.*, 242 Ga. App. 92, 95 (4) (527 SE2d 890) (2000). Because part of the trial court's original ruling was reversed, the Authority claims it was entitled to costs. But "[i]t has been many times held by this court that a judgment of reversal is not essential for the recovery of costs by the plaintiff in error; but that, if the plaintiff in error obtains a substantial modification of the judgment complained of, he is entitled to the costs of bringing the case to this court. [Cits.]" *Hartley v. Hartley*, 212 Ga. 62 (1) (90 SE2d 555) (1955). Here, the Authority obtained a reversal of the portion of the trial court's original judgment finding that the rent adjustment was improper because the Authority did not make it before the change period. That reversal was not a "substantial modification" of the judgment, however, particularly since upon remand the trial court found that the Authority had not made the rent adjustment in a reasonable time and the result remained that the rent adjustment was invalid. Compare *Burritt*, supra, 242 Ga. App. at 95 (4) (reversal of summary judgment was a substantial modification because it allowed plaintiff's suit to proceed to trial).

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED APRIL 15, 2003.

*James E. Palmour III*, for appellant.
*Morton M. Wiggins III*, for appellee.